W. T. WILSON GRAIN CO. v. FITCH.
(No. 392.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 26, 1918. Additional Opinion, Feb. 5, 1919.)

1. EVIDENCE ☞547—EXPERT.

In action against a feed company for death of a horse, alleged to be due to poison in feed, issue being as to what killed horse, it was proper to allow veterinarian to testify that, when he called to see plaintiff's horses, four of them were sick; the horse in question being one of the four.

2. NEGLIGENCE ☞124(1)—MATERIALITY.

In action against feed company for death of horse, alleged to have been caused by rat poison in feed, evidence that defendant picked up sweepings from floor of warehouse and put them in sacks at some time prior to death of plaintiff's horse was admissible, as tending to show how poison got in feed.

3. APPEAL AND ERROR ☞970(4)—TRIAL ☞68(1) — REOPENING CASE — DISCRETION OF COURT.

The trial court is vested with a liberal discretion in reopening a case, after plaintiff has closed and defendant has declined to offer any testimony, and its action in regard thereto will not be reversed, unless it appears that complaining party has suffered injury.

4. TRIAL ☞121(1)—ARGUMENT.

In action against feed company for death of horse, caused by rat poison in feed, argument of plaintiff's attorney: "A specimen. A specimen of what, gentlemen? Of that rat poison that F. got out of the feed that he bought from the W. Grain Company"—was proper.

5. TRIAL ☞120(2) — ARGUMENT OF COUNSEL.

An argument: "Gentlemen, Mr. H. has tried to make you believe that poor old man F. is a liar, a robber, and a thief. I will tell you that neither J. nor old man F. would swear a lie for this horse, another, and yet another. If you knew them like I do, you couldn't be made to believe so"—was improper, because an attorney should not make a witness of himself in his argument to the jury.

6. TRIAL ☞129 — ARGUMENT OF COUNSEL — RETALIATORY STATEMENTS.

Argument of attorney: "I will tell you that neither J. nor old man F. would swear a lie for this horse, another, and yet another. If you knew them like I do, you couldn't be made to believe so"—was not reversible, where in reply to argument of opposing counsel of the effect that F. was manufacturing and concealing testimony.

Appeal from Nacogdoches County Court; J. F. Perritte, Judge.

Action by H. Fitch against the W. T. Wilson Grain Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Harris & Harris, of Nacogdoches, for appellant.

C. A. Hodges, of Nacogdoches, for appellee.

BROOKE, J. After a careful examination of the record in this case, together with the briefs of counsel for the respective parties, we have come to the conclusion that no reversible error is shown, and the cause should therefore be affirmed; and it is so ordered.

### Additional Opinion.

WALKER, J. Appellant has filed a motion asking this court to discuss each of his assignments. In deference to this request, we file the following additional opinion:

The statement of the nature and result of the suit, taken from appellant's brief, is as follows:

"This suit was instituted by appellee against appellant in the justice court of precinct No. 1 of Nacogdoches county, Tex., for the sum of $150.00, the alleged value of one horse, property of appellee, alleged to have been killed by the negligent sale by appellant of feedstuff containing poisonous substances, which was tried by the justice of the peace without the aid of the jury, and judgment rendered by him in favor of appellant, from which judgment appellee appealed to the county court, where the case was tried at its November term before a jury upon special issues, answers to which special issues were adverse to appellant, and judgment entered by the court in accordance with said answers to special issues in favor of appellee for $150, whereupon appellant filed its motion for a new trial, after having filed motion requesting the court to render judgment in favor of it according to law, and after which motion was overruled appellant filed its amended motion for a new trial, while court was still in session, on the 4th day of December, 1917, which amended motion was by the court overruled, to which action of the court it then and there in open court duly excepted, and gave notice of appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District of the State of Texas, at Beaumont."

[1] By the first assignment of error appellant complains of the following testimony offered by plaintiff:

Dr. K. C. Deason testified:

"I was called out to see Mr. Fitch's horses. I think there were four sick"

—the objection to this testimony being that, as appellant was suing for damages to one horse, the testimony as to the other horses is immaterial. This objection is overruled. The issue in this case being as to what killed appellee's horse, and the dead horse being one of these four horses seen by Dr. Deason, this testimony was material.

[2] By his second assignment appellant complains of the following testimony:

John Fitch testified:

"I know that at a time prior to the death of my father's horses Wilson Grain Company picked up sweepings from the floor of their warehouse and put them in sacks"

—the objection to this testimony being that it is immaterial and irrelevant, and does not tend to prove or disprove any issue in the case, and was prejudicial to the rights of defendant, and was too vague and indefinite, and it fixed no time for the transaction testified about, other than the statement that it was at a time prior to the death of witness' father's horse. This exception is overruled.

If plaintiff's horse was killed by eating grain sold by Wilson Grain Company, under the testimony, the grain was poisoned by rat poison, and this testimony was material on this issue as to how the poison got in the grain.

[3] When plaintiff closed his testimony, the defendant declined to offer any testimony; thereupon the court permitted the plaintiff to reopen his case and offer cross-interrogatories of the witness Frank Mora. Appellant objected to this action of the court, and has presented his objections in his third and fourth assignments of error. No injury is shown to the defendant by this action of the court. The appellant suffered no injury thereby. In procedure of this kind, the trial court is vested with a liberal discretion, and his action in regard thereto should not be reviewed, unless it appears that the complaining party has suffered injury. In this case no statement is submitted under this proposition showing any injury suffered by appellant. Therefore the third and fourth assignments are overruled.

By the fifth assignment appellant complains of the action of the court in refusing to give the jury a peremptory instruction to return a verdict in his behalf. We have reviewed the testimony in this record, and find no error in the refusal of this charge. Very properly these facts went before the jury.

[4] In the sixth assignment, appellant complains of the following argument of Attorney C. A. Hodges:

"A specimen. A specimen of what, gentlemen? Of that rat poison that John Fitch got out of the feed that he bought from the W. T. Wilson Grain Company."

This assignment is overruled, this being a proper argument under the facts of this case.

By the seventh assignment, appellant complains of practically the same argument, which assignment is also overruled.

[5, 6] By the eighth assignment, appellant complains of the following argument of the attorney, Mr. Hodges:

"Gentlemen, Mr. Harris has tried to make you believe that poor old man Fitch is a liar, a robber, and a thief. I will tell you that neither John Fitch nor old man Fitch would swear a lie for this horse, another, and yet another. If you knew them like I do, you couldn't be made to believe so."

This bill of exception is qualified by the court in saying that this argument was used by Mr. Hodges in reply to argument of counsel for appellant, wherein appellant had accused the Fitches of manufacturing testimony and of agreeing among themselves to conceal testimony. Under this qualification, which was accepted by appellant, this argument cannot be held to be reversible error. However, even under these circumstances, we cannot approve of argument of this character. An attorney should not make a witness of

himself in his argument to the jury. Argument very similar to this has been held to be reversible error in the case of T. & N. O. Railroad Co. v. W. G. Harrington, 44 Tex. Civ. App. 386, 98 S. W. 653.

Finding no error in this record, this case is affirmed.