## EAST TEXAS PUBLIC SERVICE CO. v. POUNDERS. (No. 3198.)

(Court of Civil Appeals of Texas. Texarkana. March 12, 1926. Rehearing Denied March 25, 1926.)

Damages ⬡⬡62(4)—Loss avoidable, if plaintiff had repaired fence, held not recoverable in action for defendant's violation of agreement to repair it.

In action for failure to repair fence, removed by defendant in constructing transmission line across plaintiff's land, cost of repairing was recoverable, but not value of rental contract lost by failure to repair, no reason appearing for plaintiff's failure to repair it, to minimize damages, except defendant's agreement to repair.

Appeal from District. Court, Morris County; R. T. Wilkinson, Judge.

Suit by J. R. Pounders against the East Texas Public Service Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Prendergast & Prendergast, of Marshall, for appellant.

W. E. Newland, of Naples, for appellee.

HODGES, J. In October, 1924, the appellant, in constructing a transmission line through the premises of the appellee, removed a wire fence in two places—the entrance and the exit. It is conceded that appellant had a right of way across the land 100 feet wide. The failure to repair the fence is the basis of the damages here sued for. The appellee testified that in January following the removal of the fences he had an opportunity to rent his land for three months as a pasture for stock, but lost the contract, because the appellant failed to repair the fence. He brought this suit to recover $100, the amount of the rental offered and lost, and a judgment was rendered in his favor for that sum.

It is insisted in this appeal that the only damages which the appellee could recover was the cost of replacing, or repairing, the fence. The evidence shows that this required no special skill, and but little labor, and no reason is assigned why appellee did not himself do the repairing except that the appellant agreed to do it. This was not, under the facts of this case, sufficient to relieve the appellee from the duty of minimizing the damages resulting from appellant's failure to perform its duty. He had ample time to do that after discovering the dereliction of the appellant, and before the rental contract was to begin.

We think appellant's contention is correct, and that the court erred in rendering judgment for the value of the contract lost. The judgment will therefore be reversed and the cause remanded.