### KING v. RINEY.
#### No. 8470.

Court of Civil Appeals of Texas. San Antonio.
Oct. 15, 1930.

Rehearing Denied Nov. 12, 1930.

Heilbron, Kilday & Howard, of San Antonio, for appellant.

Hertzberg & Kercheville, of San Antonio, for appellee.

COBBS, J.

This is a county court case. Appellee sued appellant to recover commissions alleged to be due by appellant for the sale of certain property on Donaldson avenue in the city of San Antonio. Appellee alleged that he had been employed by appellant to sell the property for a commission of 5 per cent., and that he sold it to one J. Wright Smith and thereby earned the commission, amounting to the sum of $552.

Appellant filed a general denial and the case was tried with a jury under special instructions. In response to special issue No. 3, "Did plaintiff procure the said Wright Smith as purchaser of said property?" the jury answered, "Yes." Since the testimony on that issue was the main question in the case, and

controverted, we are bound by the jury finding. There is no issue or question raising any legal controversy assigned, so we feel that it is our duty to sustain the findings of the jury.

Appellant complains at the argument of Mr. Hertzberg, one of counsel for appellee, made to the jury, and the action of the court thereon. The argument complained of is as follows:

"Now, gentlemen, let us see what kind of a man this defendant is. The evidence shows that he committed a brutal assault upon the plaintiff while the plaintiff was wearing glasses, and this rich man was not satisfied with making such attack upon plaintiff, but he went further and is now trying to beat this poor man out of his commission; he has to earn his living by working hard in selling real estate."

Whereupon, defendant's counsel duly objected to said argument upon the ground that there was nothing in the record to support said argument; that referring to the relative wealth of the parties was highly prejudicial, inflammatory, and appealed to the sympathy of the jury; and the court, upon said objection being made, instructed the jury to disregard and not consider said argument. Counsel for defendant still objected and moved the court to withdraw the case from the jury and declare a mistrial, because of said argument, on the ground that the instruction of the court to the jury to disregard and not consider said argument could not cure the ill effect of said argument, as the harm had already been done; but the court overruled defendant's further objection and motion for a mistrial, to which action of the court the defendant then and there, in open court, duly excepted.

The trial court instructed the jury to ignore the argument and not consider it, and there was nothing further for the court to do. Besides, this argument was invited by the testimony and in response thereto, and was not harmful. The court so considered it and overruled a motion for new trial. J. Frank King testified as follows:

"As to how many houses I have listed with him (Mr. Floyd) he has handled my property practically ever since I came here. He sold some $200,000.00 worth from that time until now; he still handles it. I have sold about $200,000.00 worth since I have been here.

"There has been about $200,000.00 worth of my property sold, but not altogether by Mr. Floyd. Mr. Floyd worked with other agents."

The court shows in his qualification of the bill of exception that he instructed the jury to disregard and not consider said argument. He further shows in qualifying the bill that: "Upon the trial of this case the defendant J. Frank King on cross-examination and in re-

sponse to questions as to whether or not he had trouble with other real estate agents about commissions stated without objection that he had built and sold $200,000.00 worth of property in San Antonio within a period of about two years, and that this was the only case he had had any trouble about commissions."

The court exercised its discretion in overruling the motion for a new trial, and we cannot see that it was abused in any way, and the argument under the circumstances was not sufficient to warrant any reversal. Corn v. Crosby County Cattle Co. (Tex. Com. App.) 25 S.W.(2d) 290; St. Louis Ry. Co. v. Allen (Tex. Civ. App.) 262 S. W. 1066.

We have passed upon and considered all errors assigned and overrule them.

The judgment of the trial court is affirmed.