## TEXAS EMPLOYERS' INS. ASS'N v. BRADFORD.

### No. 2862.

Court of Civil Appeals of Texas. El Paso.
June 29, 1933.

Rehearing Denied July 13, 1933.

Lawther, Cox & Cramer and Wm. M. Cramer, all of Dallas, for appellant.

Robert P. Brown, Jos. L. Mays, and W. H. Lipscomb, all of San Angelo, for appellee.

HIGGINS, Justice.

Bradford brought this suit against appellant to set aside an adverse ruling of the Industrial Accident Board upon a claim by him for compensation under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.). He alleged he was an employee of the Mid-Kansas Oil & Gas Company, and upon December 10, 1930, sustained an accidental injury resulting in a perinephritic abscess which caused total and permanent incapacity.

Upon findings supporting the same, judgment was rendered awarding compensation for 401 weeks at the rate of $19.25 per week as for total, permanent incapacity.

To show that appellant was the insurance carrier of his employer under the Workmen's Compensation Law, appellee offered in evidence a certified copy of notice filed with the Industrial Accident Board, signed Mid-Kansas Oil & Gas Company, by J. L. Cook, treasurer, showing that said company had become a subscriber under said law with appellant as the insurance carrier under policy No. F2350, effective 4–1–30, expiring 4–1–31.

Appellant objected to the introduction of this copy in evidence for various reasons, none of which is tenable because the filing of such report with the board is required by section 18a, of article 8308, R. S., and section 5, of article 8307, as amended by Acts 42d Legis. (1931), p. 132, chap. 89, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5), provides that a certified copy of such notice shall be admissible in evidence and prima facie proof of all the facts stated therein unless the same is denied under oath. No such denial having been made, the notice was admissible.

■■ As to the certified copy of a notice of like import which was signed by G. M. Crowson, it is impossible to determine for whom Crowson was acting, but it is assumed by appellee that this notice was given by appellant as required by said section 18a. If such was its nature, such copy was improperly admitted, because the law makes no provision that copies of the notice required to be filed by the association shall be received in evidence. But the error in its admission is harmless, for it simply duplicated the information contained in the notice filed by the employer. The latter notice prima facie proved all the facts shown by the notice signed by Crowson, and there is nothing to contradict or impeach the facts shown by the employer's notice.

The first five propositions are overruled, because the certified copy of the employer's notice was admissible in evidence; was prima facie proof of the facts therein stated, which facts are in no wise contradicted.

■ Error is assigned to the refusal of this issue: "Do you find from a preponderance of the evidence that the present incapacity, if any, you have found, did not result from a re-occurrence of the abscess around the kidney, which was operated on in 1929?"

There is no evidence that plaintiff's condition is due to a recurrence of an abscess around the kidney which was operated on in 1929. Plaintiff's medical testimony is to the effect he is suffering from a perinephritic abscess. In this connection appellant refers us to the testimony of its witness, Dr. Ramsey, but there is nothing in the testimony of that witness to present the issue requested. Dr. Ramsey testified appellee did not have an° abscess and the tenderness and pain in the region of the kidney was due to a post-operative scar tissue condition of a former operation.

■ Appellant excepted to the court's charge because of the failure to submit the issue of whether or not any previous injury or disease contributed to plaintiff's present condition, and particularly that such present condition is a recurrence of an old injury to the muscles of the right side. In connection with such objections appellant requested the submission of such issues.

This matter presents no error, for the reason that no request in writing was made for the submission of such omitted issue as the statute requires. Article 2190, R. S.; Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W. (2d) 570.

The exception and requested submission are evidenced by bill of exception, and it does not appear therefrom that it was presented in writing. The exception and request seem to have been orally submitted.

The twelfth proposition is to the effect that the award of compensation at the rate of $19.25 is excessive. This is without merit.

■■ Assignments 10 and 11, and their supporting propositions, read:

"Assignment of Error No. 10: Because the Court erred in giving to the jury, after they had retired to the jury room, an additional instruction which additional instruction is on file herein.

"Assignment of Error No. 11: Because the Court erred in overruling the Defendant's motion to argue this case after the Court had given an additional instruction to the jury."

"Propositions.

"Thirteenth Proposition: It is error to give an additional charge to the jury, after argument to the jury, and then retirement to consider the case.

"Fourteenth Proposition: It is error to refuse to permit additional oral argument to the jury after an additional charge is given the jury by the Court."

The bill of exception discloses the following:

"After argument the jury retired and afterward sent in a note to the Judge, whereupon the following occurred: (At this time the jury was brought into court and the following proceedings were had: The Court: Gentlemen, you have asked this question, the foreman has, 'if we answer Special Issue No. 5 "yes", are we supposed to answer Special Issue No. 7.' The answer to that is 'No', but I will give you that in a charge, here, but I will write it out. [Which the Court proceeds to do, and hands to the jury.])

"The Court: Do you waive the filing of this additional instruction (speaking to counsel).

"Mr. Cramer: We will object to it. (The Court hands the instruction in question to the Clerk to be filed first, which was accordingly done.)

"The Court: Gentlemen, you are further instructed that in the event you answer Special Issue No. 5, 'yes,' then you need not answer Special Issue No. 7.

"Mr. Cramer: Immediately upon the retirement of the Jury, the defendant objected to the submission of any additional charge to the jury, after their retirement, and the defendant here and now requests the court for an opportunity to reargue the case since the submission of such additional charge to the jury.

"The Court: The Court refused to re-open the case for further argument.

"Mr. Cramer: To which we except."

The additional instruction reads: "Gentlemen of the Jury: You are further instructed that in the event you answer Special Issue Number Five 'Yes', then you need not answer Special Issue Number Seven."

Issue No. 5 reads: "Do you find from a preponderance of the evidence in this case that such total loss of capacity to work, if any, was permanent? Answer yes or no." It was answered "Yes."

Issue No. 7 reads: "Do you find from a preponderance of the evidence in this case that the Plaintiff, Elbert Bradford, sustained any partial loss of capacity to work for any length of time as a result of injuries, if any, sustained by him on December 10th, 1930, while he was working for the Mid-Kansas Oil & Gas Company? Answer yes or no."

Communications between the court and jury after the case has been submitted to the jury are regulated by statute. Articles 2195–2198, R. S.

The decisions construing the statutes require strict conformity. In Texas Midland Ry. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 1164, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137, Chief Justice Gaines said: "It is thus seen that the statutes very carefully provide the manner in which the court shall confer with the jury, and that he shall give no instructions or confer with them in any manner except in open court. The obvious purpose of this is that counsel may be present and see that the conference is proper, and, if not, may take a bill of exception to the action of the court. It seems to us, therefore, that it is error for the judge to confer with the jury in any other manner than that prescribed by law, and that if he does, his judgment on that account ought to be reversed." See, also, Parker v. Bailey (Tex. Com. App.) 15 S.W.(2d) 1033.

In submitting its request for further instructions, the procedure prescribed by article 2198 was not strictly observed by the jury, but no point in that respect is presented by the assignments, propositions, and bill. The complaint is that the court erred in giving the additional instruction after the jury had retired and in refusing to permit further argument after the instruction had been given.

As a matter of law it was unnecessary to answer issue 7, if issue 5 was answered in the affirmative. The jury had the right to inquire concerning that matter, and the court was authorized to give an additional instruction to that effect. Article 2198, R. S.

■ The instruction was correct, and related to a matter which was not properly a subject of argument before the jury. The refusal to permit further argument, therefore, presents no error.

■ The remaining assignments complain of argument of counsel for appellee in addressing the jury. The bills of exception with reference to this matter show that no objection was offered at the time the argument was made. Some of the argument complained of was legitimate. Some of it exceeded the bounds of strict propriety, but in our opinion it was of such nature as the failure to object to the same when made constituted a waiver of the error. We think it falls within the rule announced by Judge Critz in Robbins v. Wynne (Tex. Com. App.) 44 S.W.(2d) 946, 949, as follows: "The application contains assignments of error bearing on certain other arguments to the jury by counsel for the defendant which plaintiff contends were outside the record and improper. The bills with reference to these matters show that no objections were offered to such arguments at the time. We do not deem it necessary for us to detail these matters, as they probably will not occur on another trial. We wish here to remark, however, that it is not always necessary to object to improper argument at the time it is made in order to preserve the right to present same on motion for new trial and on appeal as error. Willis & Bro. v. McNeill, 57 Tex. 465. In this connection, we hold that the correct rule is that, if the argument be such, or is made under such circumstances that, if objection is made at the time counsel making the argument can offer explanation therefor which will render such argument proper, or can make such amends as will render the same undoubtedly harmless, or, if the argument be of such a nature that its proper withdrawal by counsel or instructions by the court to the jury to disregard will cure the error, and render its harmful effect free from doubt, then the objections should be made at the time, and failure to do so waives the error."

This opinion was expressly approved by the Supreme Court.

Affirmed.