### McCLURE v. FALL et al.
### No. 1740—6179.

Commission of Appeals of Texas, Section A.
Jan. 24, 1934.

Weatherby & Rogers, G. B. Rogers, and Barney A. Garrett, all of Waco, for plaintiff in error.

Neff, Hale & Neff, Pat M. Neff, and Jos. W. Hale, all of Waco, and Black & Graves, of Austin, for defendants in error.

SHARP, Judge.

Dan McClure filed this suit in the district court of McLennan county against Mary C. Fall, individually, and as independent executrix, and John Christie as independent executor of the estate of Willie A. Deyerle-Sanborn, deceased, to ingraft a parol trust on the will of W. W. Deyerle, deceased, and recover from them a certain farm consisting of about 500 acres of land formerly belonging to W. W. Deyerle, deceased. Based on findings of fact made by the jury, the trial court entered judgment for defendants in error. An appeal was made by writ of error to the Court of Civil Appeals at Waco, and the judgment of the trial court was in all respects affirmed. 42 S.W.(2d) 821. For a full statement of the nature and result of the case, we refer to the opinion of the Court of Civil Appeals.

Upon motion for rehearing a writ of error was granted because of certain improper argument made to the jury by counsel for defendants in error during the trial of the case, which argument is fully set out in the opinion of the Court of Civil Appeals. A closer study of the record convinces us that the

writ of error was improvidently granted because defendants in error were entitled, under the state of this record, to have the trial court instruct the jury to return a verdict in their favor.

The case was tried upon many issues, but the following question is decisive of this case. Dan McClure worked for W. W. Deyerle many years upon the promise that he would be cared for out of the estate after his death. The will of W. W. Deyerle was executed November 26, 1912. The testator died on May 8, 1920. His will was admitted to probate on November 6, 1920. On December 12, 1921, McClure filed suit in cause No. 26010, in the district court of McLennan county, Tex., against Mrs. Deyerle, individually, and as the independent executrix of the estate of W. W. Deyerle, deceased, to recover certain unpaid wages claimed to be due him. Plaintiff in error in his petition, in substance, alleged in cause No. 26010 that all of the property, both real, personal, and mixed, of the said W. W. Deyerle is by said will devised to the defendant Mrs. W. A. Deyerle, now Mrs. W. A. Sanborn, to use and dispose of as she pleases, without question from any source whatsoever, save and except by the terms of the said will she is directed to bequeath in her will the sum of $1,000 to Wm. D. Neff. That promptly after the death of W. D. Deyerle the said Mrs. W. A. Sanborn took charge and possession of all of the estate of said W. W. Deyerle, deceased, both real, personal, and mixed, and that there now remains in her hands the greater portion, if not all, of said estate, and that she is by the terms of said will now the individual owner thereof. That he continued to serve Mrs. Deyerle in the same way until August 29, 1921, at which time he quit. That suit was afterwards compromised and settled by an agreement by which Mrs. Deyerle paid McClure the sum of $6,500. McClure executed and delivered to Mrs. Deyerle a written release, which, among other things, recites: "* * * and the further consideration that the said Mrs. Willie Deyerle Sanborn as an individual and as independent executrix of the estate of W. W. Deyerle, deceased, does by the acceptance of this agreement release the said Dan McClure from any and all claims and demands of whatsoever kind or character held or claimed by her as an individual or as independent executrix of said estate, against the said Dan McClure; said Dan McClure does hereby release Mrs. Willie Deyerle Sanborn as an individual and as independent executrix of the estate of W. W. Deyerle, deceased, from any and all claims or demands of whatsoever kind or character that he holds or claims against her as an individual or against said estate."

In the foregoing suit, McClure's allegations describing the nature of his duties and the kind of service rendered are substantially as broad as the allegations contained in the petition in the present suit. In the former suit the allegations were made as a basis for recovery of compensation in money. Here the allegations were made as a compensation for recovery of a judgment for the 500 acres of land alleged to have been given to him by W. W. Deyerle in part consideration of services performed by him, being the same services for which he received full compensation in the settlement of the former suit.

The controlling facts bearing upon this question are not in dispute. McClure admitted that his attorneys who represented him in cause No. 26010 prepared the release which he signed, acknowledged, and delivered. He also admitted that he accepted from Mrs. Deyerle $6,500 to be paid by her as provided in the release and retained the same in his possession. There was no evidence of any fraud on the part of Mrs. Deyerle and her attorneys. The Court of Civil Appeals in its opinion found that the evidence shows, without dispute, that McClure was bound by the release executed by him and that he released the claim herein sued on. Plaintiff in error does not challenge this finding.

Whatever rights McClure might have had against the estate of W. W. Deyerle, deceased, and Mrs. Deyerle, by reason of his employment when he filed the suit in the district court in 1921, settled same for $6,500, and executed and delivered his receipt therefor, his acts conclusively demonstrate that he elected to settle his entire claim against the estate and Mrs. Deyerle by the acceptance of the $6,500 and the execution and delivery of the release above described. Having elected to settle whatever rights he had, as he did, he is bound by his acts. He will not be permitted to file suit, as was done, and recover the sum of $6,500 in full settlement of all of his rights against the estate of W. W. Deyerle, deceased, and Mrs. Deyerle, and in the absence of fraud on the part of Mrs. Deyerle and her attorneys, retain the money so received and file another suit to recover certain lands belonging to the estate of W. W. Deyerle, deceased. Having successfully maintained his suit, received and enjoyed the results therefrom, and executed and delivered the foregoing release, he is now estopped to make a further claim against the estate or claim any part of the land once belonging to the estate of W. W. Deyerle, deceased. Hill v. Preston, 119 Tex. 522, 34 S.W.(2d) 780; Smith v. Chipley, 118 Tex. 415, 16 S.W.(2d) 269; 21 C. J. pp. 1228, 1229, etc., and collation of authorities in footnotes. But plaintiff in error seeks to evade the binding effect of the provisions contained in the release executed and delivered by him on the ground that it was not executed by Mrs. Deyerle. It is not denied that Mrs. Deyerle did not sign the release, but it is also undisputed that she accepted it, paid Mc-

Clure the $6,500 recited therein, which he accepted and retained, and under these circumstances the courts will treat the instrument as binding upon the parties and this defense is not available to McClure. Clegg v. Brannan, 111 Tex. 367, 234 S. W. 1076, par. 2; Campbell v. McFaddin, 71 Tex. 28, at bottom page 31, 9 S. W. 138; Martin v. Roberts, 57 Tex. 564; Johnson v. Tunstall (Tex. Com. App.) 25 S.W.(2d) 828, par. 3; Benson v. Ashford (Tex. Civ. App.) 189 S. W. 1093; Berryman v. Flake (Tex. Civ. App.) 20 S.W.(2d) 803, par. 1; Orbeck v. Alfei (Tex. Civ. App.) 276 S. W. 947, par. 1.

We think the argument complained of described in the opinion of the Court of Civil Appeals was improper, and if it affected any material issue to be determined by the jury, we would unhesitatingly reverse and remand this cause for another trial. Independent of the issues to which this argument was directed, the defendants in error were entitled to a judgment, and therefore the argument was harmless.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.