## SOUTH TEXAS COTTON OIL CO. v. BAUGH.

### No. 1467.

Court of Civil Appeals of Texas. Waco.

Jan. 25, 1934.

Rehearing Denied March 1, 1934.

R. W. Cowan, of Waco, for appellant.

J. A. Kibler, of Waco, for appellee.

ALEXANDER, Justice.

█ J. W. Baugh brought this suit against South Texas Cotton Oil Company, a corporation, and alleged, in substance, that the defendant, through its agent T. P. Moser, employed plaintiff to work in what is known as the Davis Cotton Gin at $20 per week for the ginning season of 1931 which was alleged to have begun on August 1st and ended on December 31st of that year; that he was unlawfully discharged on October 19, 1931; and that by reason thereof he suffered damages in the sum of $350. The defendant answered by general demurrer, general denial, and by a special plea under oath denying the authority of Moser to make the contract of employment as alleged. The jury, in answer to special issues, found in favor of the plaintiff and fixed his damages at the sum of $204. Judgment was entered accordingly, and the defendant appealed.

The jury, in answer to a special issue, found that T. P. Moser, who made the contract of employment with Baugh, had authority to so employ him for the ginning season of 1931. The appellant contends that the evidence was insufficient to support the verdict of the jury. O. R. Tucker was the general manager of the appellant corporation. Said corporation operated the Davis gin where the appellee was employed. Tucker testified as follows: "Mr. T. P. Moser was in charge of operating the Davis gin during the said season. He hired the help to run the gin." Mr. Moser testified that Mr. Baugh telephoned him for work about August 1, 1931. At that time he told Baugh that he did not have authority to hire any one, but that he would go to see Mr. Tucker and might be able to hire him later. He further testified: "I hired him (Mr. Baugh) after Mr. Tucker told me to."

The general and well-established rule is that in passing upon the sufficiency of the

evidence to support the verdict of a jury, we must disregard all evidence to the contrary and consider only the evidence tending to support the verdict, and that where there is evidence tending to support the verdict, we cannot disregard the jury's findings unless the evidence to the contrary is such that reasonable minds cannot differ as to the effect thereof. We think the above evidence was sufficient to authorize the jury to find that T. P. Moser had authority to employ the appellee to work at the gin for the ginning season in question. We overrule appellant's contention in this respect.

While T. P. Moser, a witness for the defendant, was being cross-examined by the plaintiff, he was asked if it was not true that he had run the gin in question until about the 1st of February, 1932, and that a negro by the name of Whatley had been employed to run the gin stands during that time, thereby filling the place made vacant by the discharge of Baugh. The appellant claims that this was such an appeal to race prejudice as to require a reversal of the case. From the court's qualification to the bill of exception, it appears that the court immediately sustained an objection to the question and instructed the jury not to consider the same. It further appears that Whatley, a colored man, had previously testified without objection that after Baugh had been discharged, he, Whatley, ran the gin stands until the close of the season, which was about February 1, 1932. We do not think the bill of exception as qualified presents such an error as requires a reversal of the case.

Counsel for appellee in his closing argument to the jury stated that Mr. Baugh had been discharged so that larger dividends could be paid to the stockholders of the appellant corporation. The appellant contends that this requires a reversal of the case. The trial court's qualification to the bill of exception shows that appellant's objection to this argument was sustained and the jury instructed not to consider same, and further, that such argument was in reply to argument theretofore made by counsel for appellant to the effect that Mr. Baugh had been discharged on account of the "depression." Since the appellant accepted the bill of exception as qualified by the court, it is bound by such qualification. 3 Tex. Jur. 657; San Antonio Traction Co. v. Settle, 104 Tex. 142, 135 S. W. 116. We do not think the bill of exception as qualified presents such error as requires a reversal of the case.

We have examined all other assignments and find no reversible error. The judgment of the trial court is affirmed.