## LANCASTER v. TEXAS & N. O. R. CO.
### No. 2558.

Court of Civil Appeals of Texas. Beaumont.
May 24, 1934.

Rehearing Denied May 30, 1934.

E. B. Lewis, of Center, for appellant.

R. L. Arterbury, of Houston, for appellee.

WALKER, Chief Justice.

In attempting to cross the railroad track of appellee, Texas & New Orleans Railroad Company, at Keachi, La., appellant, Claud D. Lancaster, drove his automobile in front of appellee's approaching train, and, in the resulting collision, suffered the damages to his person and automobile for which he sued in the lower court. The jury found one issue of negligence in his favor, but, among other issues of contributory negligence, answered affirmatively the following special issues:

"Special issue No. 20. Do you find from a preponderance of the evidence that the plaintiff as he approached the crossing in question failed to stop his car for the purpose of looking and listening for a train at a point where, by looking and listening, he could have seen, or heard the approaching train?"

"Special issue No. 21. Do you find from a preponderance of the evidence that the failure, if any, of the plaintiff to so stop his car, was a proximate cause of the collision?"

The lower court construed these answers as convicting appellant of contributory negligence, and entered judgment in favor of appellee on the verdict.

Appellant assigns error against special issues Nos. 20 and 21 on the ground that the lower court did not submit the further issue as to whether or not the facts submitted by question No. 20 constituted negligence. This assignment is overruled. Appellee specially pleaded that the facts submitted by special issue No. 20, as a matter of law, under the law of Louisiana, constituted negligence, and offered the following proof in support of its pleadings, which was in no way controverted: Mr. A. B. Freyer, a member of the bar of the state of Louisiana, who had been engaged in the practice of law in that state for twenty-five years, testified:

"Q. What is the law of Louisiana as defined by your courts with reference to the duties of the driver of an automobile as he approaches a railroad crossing? A. The court has defined that duty to stop, look and listen at such a time and place as the exercise of stopping, looking and listening will ascertain the probable approach of a train on the track, and if a train is coming, for the person approaching to stop and give it the prior right of passage.

"Q. What is the law of Louisiana as fixed by the jurisprudence of that state, and meaning by that the decisions of the courts of that state with reference to the failure of a driver to so stop, look and listen, and with reference also to the effect of his failure to stop, look and listen, has upon the right of recovery in an action growing out of an injury received in an accident? A. The failure to exercise the duties just outlined is held to constitute negligence, which will bar recovery, except as qualified by what is known as the last clear chance doctrine. I did remember, but I have forgotten just what you call that. * * * The law of the State of Louisiana requires that this observation (looking for a train) be at such a time and place as to observe the probable approach of a train, and if he exercises that duty the train would be obliged to be within his view. With that much view, of 800 feet, and the law presumes that he could have seen the train, and therefore

the law of Louisiana would presume that he did see the train."

Under this testimony, the facts found under question No. 20, as a matter of law, convicted appellant of negligence, and the court properly refused to submit that issue to the jury.

While appellant was being cross-examined in reply to certain objections offered by appellant's counsel to the cross-examination, Mr. Arterbury, counsel for appellee, made the following statement in the presence of the jury:

"I don't think Mr. Lancaster would relate one state of facts for one purpose and another for another purpose.

"The statements of the witness as to how the accident happened should be the same, regardless of the purpose."

The following statement shows no error was committed in this respect:

"Q. Now, Mr. Lancaster,—no, before I get to that, just rub that out, Mr. Reporter. You remember being in Houston in January of last year, and going to see some of the railroad attorneys? A. Yes, I was down in the office.

"Q. And you remember telling them how this accident happened, don't you? A. Well, I believe—

"Mr. Lewis: Now, if your honor please, that particular question—I can see what it is leading to, but object to this because of the fact that any statement that might have been made by way of attempting to compromise and any discussion on a compromise settlement, and for that purpose only, we certainly object to that, as statements made by way of compromising of the law suit, and it is inadmissible. I don't know what it is, and don't want to go into that.

"The Court: What have you to say?

"Mr. Arterbury: Certainly, anything that the witness might have said as to how the accident happened would not have anything to do with that.

"Mr. Lewis: He was down there to negotiate a compromise settlement.

"Mr. Arterbury: I don't think that Mr. Lancaster would relate one state of facts for one purpose, and another for another purpose.

"Mr. Lewis: We except to that remark of the counsel.

"Mr. Arterbury: That is in his favor.

"Mr. Lewis: We except to it.

"Mr. Arterbury: The statements of the witness as to how the accident happened should be the same, regardless of the purpose.

"Mr. Lewis: We object to that, and ask for a bill of exception to the remark of defendant's counsel, before the jury.

"The Court: Let the exception be noted. The jury will not consider the remark of counsel. Gentlemen, step in the room there a minute."

The jury having retired, the court then discussed with counsel for the parties the admissibility of the testimony and decided that the testimony elicited was not admissible. When the jury was returned, the court instructed the jury as follows: "Now, gentlemen, there is withdrawn from your consideration any statement of counsel or witness about any conversation between this witness, the plaintiff, and any lawyer in Houston, and remarks of the counsel concerning the same, and you will not consider either of them for any purpose any further."

It is not necessary to discuss appellant's assignments against the other issues of contributory negligence found against him, because the issues discussed fully support the judgment. It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.