**WILLIAMS et al. v. RODOCKER.**

No. 1473.

Court of Civil Appeals of Texas. Eastland.
June 7, 1935.

Rehearing Denied June 28, 1935.

Touchstone, Wight, Gormley & Price and Robert B. Holland, all of Dallas, and Webb & Webb, of Sherman, for appellants.

Hay, Finley, Wolfe & Barron, of Sherman, for appellee.

FUNDERBURK, Justice.

This suit arose out of a collision between an automobile which plaintiff, E. D. Rodocker, accompanied by his wife, was driving, and a truck owned by Buck Williams and others, composing the partnership of Power Seal Gasoline Company, defendants. Plaintiff at the time of the accident was going north on paved highway No. 75, a few miles south of Denison, about 8:30 p. m., when it was dark, cloudy, and rainy. The truck was standing still and was found to have been extending over that part of the highway used by northbound traffic. Defendants were alleged to have been negligent in a number of different respects, each a proximate cause of the injuries to plaintiff's wife and to the automobile for which damages were claimed. The defendants, in addition to allegations to show that they were free from negligence, alleged that plaintiff and his wife were guilty of contributory negligence in different ways. Also, the defendants alleged that the injuries were the result of an unavoidable accident and of a new and independent cause. Numerous special issues were submitted to the jury, all of which were found in favor of the plaintiff. From the judgment in accordance therewith, the defendants have appealed.

We shall consider first some of appellants' assignments of error and propositions presenting questions concerning which our conclusions call for no disturbance of the judgment. It is contended that the court erred in refusing, over appellants' objection, to include in the definition of the term "proximate cause" as an element thereof "new and independent cause." The persistent idea that "new and independent cause" is an element of the definition of the term "proximate cause" is evidently a hang-over from the practice, now almost superseded of submitting cases to juries for a determination of the issues by a general

verdict. Under that method of submission, it is the duty of the court to instruct the jury upon the law of the case. It is a part of that duty, in a negligence case, to instruct the jury as to the meaning and effect of a "new and independent cause" where the evidence raises an issue of whether the act or omission of the defendant claimed to constitute negligence has had its causal connection with the injury broken by a "new and independent cause." But in cases submitted to a jury upon special issues it is not only not the duty of the court to instruct the jury upon the law of the case, but it is the court's positive duty not to do so. A definition of "proximate cause" sufficient to inform the jury what the term means without at the same time constituting an instruction upon the law of the case will not include "new and independent cause." Such was the conclusion reached by this court in Texas & P. Ry. Co. v. Short, 62 S.W.(2d) 995, and reaffirmed in Sanders v. Lowrimore (Tex. Civ. App.) 73 S.W.(2d) 148, and Panhandle & S. F. Ry. Co. v. Miller (Tex. Civ. App.) 64 S.W.(2d) 1076. The opinions in these cases may be consulted for the reasons upon which the conclusion is based.

By another assignment and supporting proposition it is contended that the court erred in refusing to submit the issue of "new and independent cause." We shall assume that the evidence raised such issue. Seasonable request was made by appellants for its submission. Had the court not submitted the issue of "unavoidable accident," we could not escape the conclusion that there was material error in refusing to submit the issue of "new and independent cause." "Unavoidable accident," as now regarded by the courts, and as was defined in this case, obviously includes any "new and independent cause." The jury was instructed that "unavoidable accident" means "an event which occurs without negligence on the part of the plaintiff or the plaintiff's wife or the defendants' employee in charge of the truck in question, or which could not have been reasonably anticipated by either of them in the exercise of ordinary care." In submitting a case upon special issues, the court is never required to submit the same issue more than once. There would be, we think, even less reason for submitting the same issue affirmatively in two different forms than there would be in submitting an issue both affirmatively and negatively, which this court has held to be improper. Wichita Valley Ry. Co. v. Williams, 6 S.

W.(2d) 439. The appellants in pleading both "unavoidable accident" and "new and independent cause," without alleging any distinguishing facts as constituting either, in effect but reiterated one plea, and the court having submitted the issue raised thereby as one of "unavoidable accident" did not err, we think, in refusing to submit the same issue under the merely different denomination of "new and independent cause." Had plaintiff pleaded particular facts as constituting an unavoidable accident, and other distinguishing facts as constituting a new and independent cause, then both issues should have been submitted with reference to each group. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

By the appellants' ninth proposition it is sought to show that the court erred in refusing to submit to the jury an issue calling for a finding of whether plaintiff failed to drive his Ford to the left so as to avoid colliding with the truck. Certainly there could be no issue of fact in this case that plaintiff had failed to collide with the truck. The basis of the suit was the fact of a collision. It is neither necessary nor proper to submit issues which are established conclusively by the undisputed evidence.

By other assignments and propositions it is asserted that the court erred in not submitting other requested issues involving contributory negligence, one of which being whether plaintiff was negligent, and, if so, was it the proximate cause of the injuries, in failing to drive his car to the left so as to avoid the collision. We have deemed it unnecessary to go into the record to see if all these issues were raised by the evidence. It is sufficient to say that, of course, if they were issues properly tendered and joined by the pleadings and supported by the evidence, they should have been submitted. Fox v. Dallas Hotel Co., supra; Thurman v. Chandler (Tex. Com. App.) 81 S.W.(2d) 489. Nothing more need be said, we think, upon these questions in view of the disposition which it becomes necessary to make of the appeal.

Two assignments of error may be regarded as presenting but a single question involving the subject of misconduct of the jury. Each of these assignments points out a different act of alleged misconduct, but the question of law arising upon each is the same. Two other assignments of error relating to different parts of the argument of counsel may be treated as presenting a like single question of improper argument.

One other assignment of error relating to another part of the argument presents a different question of improper argument requiring separate consideration.

■ Generally, any principle of law applicable to misconduct of the jury is likewise applicable to improper argument of counsel. One exception is, that in questions of misconduct of the jury there is no occasion to consider the possible effect of objections made at the time and admonitions of the court given in response to such objections, or the absence of same, as showing a waiver of error, or as rendering the error immaterial or harmless. As applicable to the assignments relative to misconduct of the jury, it was shown that during the deliberations of the jury, and while the jury was considering the issues calling for a finding of the amount of damages, there was mention and some discussion of attorney's fees and of insurance. Each juror testified on the hearing on motion for new trial that it had no influence upon his agreement to the verdict. One juror, who at first favored a verdict of $1,000 damages, after such mention and discussion agreed to the verdict rendered of $4,000. He stated his reason for the change to be that he did not want to hang the jury.

The argument of counsel pointed out in one assignment was: "I take it they are going to try to confuse you on this, but at least some of you have driven over the highway and gone down to Iron Ore, and some of you drive it every day." Another part of the argument was: "The testimony is that from the top of this little hill that it was a long slope to Iron Ore bridge. A few of you men have driven it and know it is. And, therefore, he had driven up almost to the top of the little hill up behind that car, up that grade with his truck before he went into that bend. And I say that he ought to be penalized if he tried to pass that passenger car on the top of that grade." The vice in both of these parts of the argument complained of was the suggestion to the jurors to use their individual knowledge of certain facts, and the implication that they were not necessarily to consider only the evidence introduced upon the trial. No objection was made to these arguments at the time and no admonitory instructions were given by the court not to consider same.

The argument complained of in the other assignment which raises a different question was as follows: "Now, they say I didn't say anything about Shelton. Let's see what Shelton says—as to whether he warned or caused to be warned or signaled —let's see what Shelton said. Johnnie Shelton that he said I didn't refer to and that I would besmirch. Well, he don't know Johnnie as I have known him all his life." The point of objection to this argument was that it had the effect of getting before the jury the unsworn testimony of counsel to the want of credibility of the witness Shelton.

The law relative to misconduct of juries and improper argument of counsel, notwithstanding all that has been written in the past few years upon the subject, is still difficult of exact statement and application in terms of legal principles. In considering the subject of misconduct of the jury in Estep v. Bratton, 24 S.W.(2d) 465, 469, this court reached the conclusion that certain legal propositions set forth in the opinion and referred to in paragraphs 5, 6, 7, 8, and 9 of the syllabus were deducible from all the authorities then available, many of which were therein cited. In the present investigation we have examined the subsequent decisions and it is our conclusion that they require no restatement or modification of said propositions. The same propositions of law have application with more or less controlling effect in the consideration of the questions now presented. Special consideration must be given here to the effect, if any, of the testimony of the jurors that the mention and discussion of attorney's fees and insurance had no influence in the agreement of each juror to the verdict rendered, and the effect, if any, of the failure of appellant to object to the improper argument of counsel.

It has been declared, and the statement has had the repeated approval of the Supreme Court, that "the rule is now settled in this state that, where improper argument has been indulged in, the adverse complaining party is entitled to reversal of the judgment, as a matter of law, if under all the circumstances there is any reasonable doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted." Texas Indemnity Ins. Co. v. McCurry (Tex. Com. App.) 41 S.W.(2d) 215, 217, 78 A. L. R. 760; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Behringer v. South Plains Coaches (Tex. Com. App.) 13 S.W. (2d) 334; Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S. W. 808; Floyd v. Fidelity Union Cas. Co. (Tex. Com. App.) 24 S.W.(2d) 363; Hull & Kennedy v. Christian (Tex.

Civ. App.) 283 S. W. 568; Missouri-Kansas-Texas Ry. Co. v. Thomason (Tex. Civ. App.) 3 S.W.(2d) 106; McMahan v. City of Abilene (Tex. Civ. App.) 8 S.W.(2d) 554; Houston Electric Co. v. Potter (Tex. Civ. App.) 51 S.W.(2d) 754; Gulf, C. & S. F. Ry. Co. v. Ballew (Tex. Com. App.) 66 S.W.(2d) 659; McClintic v. J. D. Young Corp. (Tex. Com. App.) 66 S.W.(2d) 676; Southern Enterprises v. Marek (Tex. Civ. App.) 68 S.W.(2d) 384, 388.

■■■■ Prior to a comparatively recent date, the law was interpreted differently. It was interpreted as requiring that error to be reversible, whether consisting of misconduct of the jury, improper argument of counsel, or something else, must be shown by the record to have had prejudicial effect. Such effect was usually determined by considering whether the verdict was excessive, the degree of preponderance of the evidence supporting the verdict, and similar factors. But, in Bell v. Blackwell, supra, one of the most important decisions in recent years on a question of practice, the law was given an entirely different interpretation. The correctness of the proposition that "to authorize a reversal on account of error there must be a finding of prejudice" was distinctly repudiated. Along with that repudiation it was held that the fact that a verdict was supported by the overwhelming evidence, even to the extent that any other verdict would have been set aside, would not establish conclusively so as to bind an appellate court that no prejudice resulted from improper conduct of the jury or counsel. It was further held that whether prejudice to a party resulted from an improper argument of counsel was not a question of fact, a finding of which, even by the Court of Civil Appeals, would be conclusive upon the Supreme Court. Out of this new interpretation of the law the proposition above quoted from Texas Indemnity Ins. Co. v. McCurry, supra, has been evolved along with those (in part the same) set forth, as aforesaid, in Estep v. Bratton, supra. The authorities do not seem to us yet to furnish clear answers to some questions which arise in the consideration of the matters which, as said before, are specially presented for decision in this case. One is, Of what was the testimony of the jurors to the effect that they were not influenced by the mention and discussion of attorney's fees, and insurance evidence? Was it evidence that an otherwise material error was rendered immaterial, and therefore incapable of giving rise to a presumption of prejudicial effect? Or, was it evidence that the error, though material, and therefore presumptively prejudicial, was nevertheless rendered harmless? Another question involved in the consideration of the alleged improper argument of counsel is, What is the effect, if any, to be given to the fact that no objection was made to the argument, and therefore no admonitory instruction given to the jury not to consider the argument? Is that fact properly to be regarded as one tending to show that an otherwise material error would have been, by such objection and instruction, rendered immaterial, thereby precluding any presumption of prejudicial effect? Or, is it to be regarded as an affirmative showing, beyond a reasonable doubt, that the improper argument, though material and presumed to have been prejudicial, was in fact harmless? Along with these questions is involved the further question of the scope of application, if any, of discretion to be exercised by the trial court in denying a motion for new trial. If there is no discretion, and any misconduct of a jury or improper argument of counsel is subject to the rule that it must work a reversal unless it be shown affirmatively beyond a reasonable doubt that in fact there was no prejudicial effect, then there is no way we can discover of harmonizing, in principle, the cases above cited with the many cases in which it has been held that improper argument may be (1) rendered immaterial or harmless by timely objection and admonitory instructions, or (2) waived by failure to object and thereby afford opportunity for such instructions. Davis v. Hill (Tex. Com. App.) 298 S. W. 526; Commercial Standard Ins. Co. v. De Hart (Tex. Civ. App.) 47 S.W.(2d) 898; Southern Travelers' Ass'n v. Masterson (Tex. Civ. App.) 48 S.W.(2d) 771; South Texas Cotton Oil Co. v. Baugh (Tex. Civ. App.) 68 S.W.(2d) 539; Southwestern Gas & Electric Co. v. Hutchins (Tex. Civ. App.) 68 S. W.(2d) 1085; City of San Antonio v. Zogheib (Tex. Civ. App.) 70 S.W.(2d) 333; Independent Life Ins. Co. v. Hogue (Tex. Civ. App.) 70 S.W.(2d) 629; Leonard Bros. v. Newton (Tex. Civ. App.) 71 S.W.(2d) 613; Lancaster v. T. & N. O. Ry. Co. (Tex. Civ. App.) 72 S.W.(2d) 326; Union Deposit Co. v. Moseley (Tex. Civ. App.) 75 S.W.(2d) 190; Bragg v. Hughes (Tex. Civ. App.) 53 S.W.(2d) 151; Morris v. Sanders (Tex. Civ. App.) 55 S.W.(2d) 594; Southland-Greyhound Lines Co. v. Cotten (Tex. Civ. App.) 55 S.W.(2d) 1066; King v. Riney (Tex. Civ. App.) 32 S.W.(2d) 278;

Engler v. Hatton (Tex. Civ. App.) 2 S.W. (2d) 519; Schnick v. Morris (Tex. Civ. App.) 24 S.W.(2d) 491; Abbott v. Andrews (Tex. Civ. App.) 29 S.W.(2d) 885. If the soundness of these decisions is dependent upon the proposition that the improper argument, although material, and therefore presumptively harmful, has been affirmatively, and beyond a reasonable doubt, shown to have been in fact without prejudicial effect simply by objection and an instruction by the court to the jury not to consider it, then it seems to us no trial court, when an improper argument is made, can ever do more than hazard a guess, without the benefit of any guiding principle, or reliable precedent, that an ultimately fatal error has or has not been committed. It seems to us that if the decisions are subject to any harmonizing principle, that principle will require that the function of an objection and admonitory instruction be regarded, not as an affirmative showing beyond a reasonable doubt that a material and presumptively prejudicial error has in fact been thereby rendered harmless, but that an argument which but for objection and instruction would be material (that is, of a nature calculated to prejudice the rights of the complainant) has by such objection and instruction been thereby rendered immaterial (that is, not of a nature reasonably calculated to prejudice the rights of the complainant), and, therefore, giving rise to no presumption of prejudicial effect. Such principle, if it exists, will require continued recognition of the trial court's discretion in refusing new trials. That discretion will be limited, however, to the determination of whether otherwise material improper argument has been rendered immaterial and therefore not presumptively prejudicial, and not extend to the determination of whether clearly material improper argument, presumptively prejudicial, has in fact been rendered harmless. The decision in Robbins v. Wynne (Tex. Com. App.) 44 S.W.(2d) 946, seems to preclude the operation of any discretion in the trial court whatever. That decision appears, in effect, to overrule Emberlin v. Wichita Falls, etc., Ry. Co. (Tex. Com. App.) 284 S. W. 539, which gave effect to the exercise of discretion. It does not seem arguable that if any improper argument must be affirmatively shown beyond a reasonable doubt to have had no prejudicial effect, there is left any room for the operation of judicial discretion on the part of the trial court. It seems to us that perhaps Robbins v. Wynne should

be construed as not intended to deny the existence of all discretion, but merely to deny it in cases where the appellate court concludes that notwithstanding efforts to render an otherwise material error immaterial, the error is clearly material in the opinion of the appellate court. In other words, the exercise of discretion is limited to a determination of whether error be material or not, and not to whether material error has in fact resulted in prejudice. In still other words, under this view the trial court in refusing a new trial exercises a discretion in determining whether improper argument is of a nature reasonably calculated to be prejudicial, the exercise of which discretion, although reviewable, is not reversible unless in the opinion of the appellate court it is clearly wrong. But, if the improper argument be clearly material, giving rise to the presumption of prejudicial effect, the court has no discretion in determining that it was in fact without prejudicial effect. No decision that the court could make upon that question would in any sense be binding upon the appellate court. This view suggests the classification of misconduct of the jury, improper argument of counsel, and other proceedings constituting error as (1) material and immaterial, (2) harmful or prejudicial and harmless.

In Estep v. Bratton, supra, we said: "Some decisions appear to have regarded the word 'material' as used in the statute to have reference to the effect of misconduct. This is notably true of the opinions in Simmonds v. St. Louis B. & M. Ry. Co. (Tex. Civ. App.) 18 S.W.(2d) 845; International-Great Northern Ry. Co. v. Cooper (Tex. Com. App.) 1 S.W.(2d) 578; and Parks v. M., K. & T. Ry. Co. (Tex. Civ. App.) 19 S. W.(2d) 373. But we think the better reasoning and authority is to the effect that 'material' has reference to the nature of the misconduct as 'tending or calculated to injure the rights' of the parties litigant. San Antonio Pub. Service Co. v. Alexander (Tex. Com. App.) 280 S. W. 753; Parker v. Bailey (Tex. Com. App.) 15 S.W.(2d) 1033; Texas & N. O. Ry. Co. v. Parry (Tex. Com. App.) 12 S.W.(2d) 997; Abrams v. Bradshaw (Tex. Civ. App.) 2 S.W.(2d) 917; Giles v. Tyson (Tex. Civ. App.) 13 S.W.(2d) 452. It is conceivable that many things that juries may do during their deliberations would be a species of misconduct, but which would not be material because not essentially of a nature likely or calculated to prejudice the rights of the parties."

Within the above suggested classification, "harmless error" would be that character of error dealt with, for example, in cases like McClure v. Fall (Tex. Com. App.) 67 S.W.(2d) 231; Id. (Tex. Civ. App.) 42 S. W.(2d) 821; Lackey v. Southland Greyhound Lines (Tex. Civ. App.) 35 S.W.(2d) 739; St. Louis, S. F. & T. Ry. Co. v. Houze (Tex. Civ. App.) 28 S.W.(2d) 865; Hubbard v. Bates (Tex. Civ. App.) 28 S.W.(2d) 843; Texas & P. Ry. Co. v. Edwards (Tex. Civ. App.) 21 S.W.(2d) 754; Central National Bank v. Lawson (Tex. Com. App.) 27 S.W.(2d) 125; Employers' Cas. Co. v. Roland (Tex. Com. App.) 1 S.W.(2d) 568; St. Louis, B. & M. Ry. Co. v. Cole (Tex. Com. App.) 14 S.W.(2d) 1024. The errors held harmless in such cases are none the less material errors within the foregoing definition of that term.

Within such suggested classification, one important distinction between an immaterial error and a harmless error would be that an immaterial error gives rise to no presumption of prejudicial effect, while a harmless error is one, although giving rise to such presumption, the presumption is rebutted and its effect destroyed by other facts and circumstances. Within the suggested classification we think that the trial judge in determining whether misconduct of the jury, or improper argument of counsel, be material or immaterial, should be regarded as exercising a true discretion, and the court's action should not be reversed unless the appellate court reaches the conclusion that it is clearly wrong. In such case, if the trial court concludes that certain misconduct of the jury or improper argument of counsel is immaterial in the sense that it is not reasonably calculated to prejudice the rights of the complainant, then there exists no presumption that it did so. In the absence of such presumption, no occasion arises to apply the rule that it must affirmatively appear beyond a reasonable doubt that there was no prejudicial effect. On the other hand, if the misconduct of the jury or improper argument be certainly material in that it is of a nature calculated to produce prejudicial effects, then the burden cast upon the appellee to affirmatively show beyond a reasonable doubt the absence of prejudicial effect can perhaps only be met by a showing of harmless error within the meaning of that term as employed in the decisions above cited.

Applying these conclusions to the questions now before us, we are of the opinion that the court erred in overruling the motion for new trial on the ground of misconduct of the jury. The misconduct was testified to by all the jurors. It was certainly material. The testimony of the jurors that the misconduct had no influence upon their agreement to the verdict at most was evidence tending to show that the alleged misconduct was immaterial in the sense above defined, and not evidence to show affirmatively and conclusively beyond a reasonable doubt that the error, though material, was harmless. The testimony, we think, was insufficient to show that the error was immaterial. More certainly it was insufficient to show that a material error, presumptively prejudicial, was in fact beyond a reasonable doubt harmless. If it were an original proposition, we would, we think, be forced to conclude that a material error cannot be thus shown to have been rendered immaterial. It accords with common knowledge of ordinary human nature that the possessor of a prejudice or bias may be unconscious of same. He may have less conscious knowledge of the fact than some of his neighbors. In such a case, he, as a juror, would honestly believe that he had reached a given conclusion influenced alone by the evidence. Then, too, in the hearing on the motion for a new trial, where there is presented an issue of misconduct on the part of the jury, the jurors are themselves in a sense on trial. It is to be expected that they may be predisposed to the view that they had done nothing improperly to influence the verdict, and thus they may have the honest conviction that they gave consideration alone to the evidence in the case. The trouble is that the evidence may have had its true perspective changed by unconscious prejudice or bias.

The question, however, was decided in Moore v. Ivey (Tex. Com. App.) 277 S. W. 106, wherein it was held: "The absence of actual [prejudicial] effect * * * cannot be established [conclusively, at least] by most emphatic denials made by jurors when they are called to account." See St. Louis S. W. Ry. Co. v. Lewis (Tex. Com. App.) 5 S.W.(2d) 765; Kosse National Bank v. Derden (Tex. Civ. App.) 36 S.W. (2d) 295; Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Beaumont, S. L. & W. Ry. Co. v. Richmond (Tex. Civ. App.) 78 S.W. (2d) 232; City of Waco v. Rast (Tex. Civ. App.) 2 S.W.(2d) 563.

As to the argument of counsel claimed to constitute an appeal to certain

jurors to use their own knowledge of facts independently of the evidence in the case, we are of the opinion that under the circumstances it was so little calculated to cause the jury to render an improper verdict as not to be material. At least, had objection been made and the court had admonished the jury not to consider same, it could not be said that it was calculated to prejudice the rights of complainant. If there were jurors who had a knowledge of the situation, it would be humanly impossible, we think, for them to ignore such knowledge in considering conflicts, if any, in the evidence regarding such situation. If counsel's theory of the evidence was incorrect according to the individual knowledge of the jurors, we cannot see how it could possibly prejudice the other side. If, on the other hand, the theory advanced in the argument was in accordance with facts known personally to certain jurors, we are still unable to see how that could have any influence. The case presented, it is important to bear in mind, is not that of one or more of the jurors having personal knowledge of the situation and communicating that knowledge to the other jurors. In determining whether the improper argument be material, it is to be considered the same as if objection had been made and the court had admonished the jury not to consider same. If that rendered it not material in the sense that "material" has hereinbefore been explained, then by failure to object appellants must be deemed to have waived the error. Robbins v. Wynne, supra; Texas Emp. Ins. Ass'n v. Bradford (Tex. Civ. App.) 62 S.W.(2d) 158; Harris v. Sadler (Tex. Civ. App.) 55 S.W.(2d) 173.

We conclude that the argument in which counsel, unsworn, testified, in effect, to the want of credibility of the witness Shelton was of a nature that it could not be rendered immaterial by objection and an instruction by the court to the jury not to consider it. Being material, it must be presumed that its effect was prejudicial. There is wholly wanting any fact, or combination of facts and circumstances which affirmatively show beyond a reasonable doubt that it had no prejudicial effect. In the court's refusal to grant a new trial, for such reasons we think the court erred. Brown Cracker & Candy Co. v. Castle (Tex. Civ. App.) 26 S.W.(2d) 435; Castle v. Brown, etc., Co., 119 Tex. 447, 31 S.W.(2d) 630;

Texas & N. O. Ry. Co. v. Harrington, 44 Tex. Civ. App. 386, 98 S. W. 653; W. T. Wilson Grain Co. v. Fitch (Tex. Civ. App.) 208 S. W. 556; Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169; Cooke-Teague Motor Co. v. Johnson (Tex. Civ. App.) 50 S.W.(2d) 399; Hudson Ins. Co. v. McKnight (Tex. Civ. App.) 58 S.W.(2d) 1088.

Being of the opinion that the judgment of the court below should be reversed and the cause remanded, it is accordingly so ordered.