## LANDERS v. OVERAKER et al.
### No. 12859.

Court of Civil Appeals of Texas. Dallas.

April 6, 1940.

Rehearing Denied June 1, 1940.

Bowyer, Gray, Thomas & Jaffe, of Dallas, for appellant.

Coke & Coke and Thomas G. Murnane, all of Dallas, for appellees.

YOUNG, Justice.

This suit in the District Court was for personal injuries, by W. H. Landers against C. E. Overaker and wife, his mother, Mrs. Josephine Overaker, and sister, Miss Maude Overaker; the time and place being about seven o'clock in the evening of October 15, 1936, adjacent to Melrose Court, an apartment hotel situated on Cedar Springs Avenue, Dallas. On the trial, all defendants requested peremptory instructions when plaintiff rested, which were refused. Similar requests were urged at the close of the testimony, that of Miss Maude Overaker being granted, and a jury verdict was returned upon many issues touching the remaining parties. Thereafter, defendants, Mr. and Mrs. C. E. Overaker, seasonably and upon notice, filed motions for judgment non obstante veredicto, which were overruled; a like motion of Mrs. Josephine Overaker was sustained. At the same time, motions of Mr. and Mrs. Overaker (husband and wife) for judgment on the jury answers were sustained; that of the elder Mrs. Overaker and of plaintiff overruled, proper exceptions being taken by all parties to such action of the trial court. Damages were found for plaintiff in the sum of $1,800, but the final judgment was in favor of defendants, with a consequence of this appeal.

The trial pleadings of plaintiff set forth that at the time of the accident, he had finished his day's work and was standing in a public place on the west side of Cedar Springs Avenue, just north of its intersection with Oak Lawn Avenue, in the parkway between the curb and sidewalk; that he was waiting at such point for a street car, near to, or leaning against a telephone pole set in the parkway, on which was a sign indicating that the place was a regular street car stop; that a car driven by Mrs. C. E. Overaker, Mr. Overaker in front, his mother and two sisters on the rear seat, approached slowly along Cedar Springs Avenue from the north; that said automobile party were members of one family and on a joint mission "for the health, welfare, comfort or pleasure of said family and each of them, the exact nature of said joint mission being unknown to plaintiff, but well known to each defendant;" that defendants intended to stop said car at the curb near plaintiff, for one of them to alight. In doing so, the door of the car prematurely opened as it moved toward plaintiff, protruding over the curb and into the parkway where he was standing; that plaintiff was thereby caught between said door and the light pole, to his great injury; and that the defendant who opened the car door, pursuant to said joint enterprise, was either the mother, Mrs. Josephine A. Overaker, or sister, Maude Overaker.

Plaintiff further alleged specific acts of negligence committed by the several defendants, and that, " * * * such acts each were a direct and proximate cause of injuries suffered by the plaintiff." The detailed charges and counter charges of the parties are reflected in the jury issues and answers, which are, in substance: (1) That plaintiff received physical injury at the time and place; (2) that Mrs. C. E. Overaker drove the automobile in question too near the curb for the safety of plaintiff, but that such was not negligence; (3) that Mrs. C. E. Overaker did not fail to keep a proper lookout; (4) that Mrs. C. E. Overaker drove the automobile at the time with the right rear door open, but such was not negligence; (5) that neither C. E. Overaker nor his wife discovered and realized plaintiff's perilous position in time, by the use of all available means, to have avoided the injuries to plaintiff; (6) that defendant Mrs. Josephine Overaker opened the door of the automobile before it stopped, which was negligence and a proximate cause of the injuries to plaintiff; (7) that C. E. Overaker, his wife, and Mrs. Josephine Overaker were engaged in a joint enterprise at the time, a necessary part of which was the stopping of the automobile near the entrance of Melrose Court (the place

of the occurrence); (8) that the act of opening the right rear door of the car caused said door to extend over the west Cedar Springs road curb, and into the parkway on the west side of said street, which was negligence and a proximate cause of the injuries; (9) that Mrs. C. E. Overaker drove the automobile with the right rear door open and extending over the curb on Cedar Springs road, but was not negligent in so doing; (10) that Mrs. C. E. Overaker was not driving the car at a greater speed than was reasonably safe; (11) plaintiff's injuries were not the result of an unavoidable accident; (12) that Mrs. C. E. Overaker could not reasonably have anticipated or foreseen that the right rear door of the car might be opened by some-one sitting in the rear thereof, just before it reached the telephone post; (13) that the open door of the Overaker car was observed and discovered by plaintiff in time for him to have avoided injury; but that plaintiff's failure to remove from such position was not negligence; (14) that plaintiff did not lunge or fall forward against the automobile as it passed the telephone pole; (15) nor was his standing and leaning against the north side of the said pole contributory negligence.

 It is readily discernible from the above jury findings that Mr. and Mrs. C. E. Overaker were freed of all fault relative to this avoidable accident, except as to the affirmative answers to the "joint enterprise" issues, in which event, the negligence of the mother, Mrs. Josephine Overaker, in opening the door of the car before it stopped, would be imputed to the other defendants connected with such enterprise. El Paso Electric Co. v. Leeper, Tex.Com.App., 60 S.W.2d 187, 189. The family ride of defendants, upon which plaintiff predicates his claim of joint liability, arose in this wise: Mrs. C. E. Overaker owned the car and, with her husband also in the front seat, was driving it from their home to the residence of Mrs. Josephine Overaker, in the same vicinity of North Dallas. Residing with the latter at the time were her two daughters, Miss Maude Overaker and Mrs. Neville. The purpose of the trip by Mr. Overaker and wife was to take the mother and sisters for an automobile ride. The invitation was accepted and the three entered the rear compartment, Mrs. Josephine Overaker taking the right-hand seat, and Miss Maude Overaker, who said she would ride as far as Melrose Court, a few blocks away, being seated on the left side of the car. The automobile, thus occupied and driven, proceeded down Cedar Springs road to said apartment hotel where it slowed down for the purpose of stopping at the pedestrian entrance. The telephone pole, at which plaintiff was standing, was alongside the west curb in the parkway, and from ten to fifteen feet north of said entrance. Further up the same curb to the north, was a fire plug, and beyond that a driveway from the street to the rear of the hotel. Plaintiff claims that the right rear door of the car opened and extended over the curb just after the car passed the driveway, and remained open as it moved slowly along to the lower entrance; that he was thereby caught between said door and the post, sustaining serious injuries. On the other hand, defendants contend the said car door was not opened until after it had passed the telephone pole, unless by plaintiff himself in lunging or falling against it. We think that, under the whole of the evidence, and all inferences properly deducible therefrom, the issue of joint mission or joint enterprise was not raised. A prime element of this relationship, as defined by the court, was: " * * * an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance." See El Paso v. Leeper, supra. In the absence of any testimony that the rear occupants of the car had any right to control its movement during the casual ride being undertaken (back-seat drivers, as it were), no other inference can be drawn of the existing status of the parties than that of simply host and guests. The determining factor in the cases bearing upon this species of imputed negligence (joint enterprise) is the legal right of control over the agency employed to accomplish the common purpose. 12 Tex.Law Review, 372; West Texas Coaches v. Madi, Tex. Civ.App., 15 S.W.2d 170, affirmed by the Sup.Ct., 26 S.W.2d 199; West v. Bruns, Tex.Civ.App., 294 S.W. 235; see also, Annotations to Keiswetter v. Rubenstein, 235 Mich. 36, 209 N.W. 154, 48 A.L.R., page 1077, et seq. In this connection, it must be noted that in the Leeper case, supra, relied on by appellant, the car in which the young lady was hurt had been loaned to her and the driver jointly. In the Madi case above, under facts sufficiently analogous, Judge Leslie, of the Eastland Court, said, 15 S.W.2d at page

177: "All had a common destination in returning to Utica, N. Y., but there is no evidence that John Madi had an equal right, or any right, to direct and control the conduct of Sam Madi in the operation of the Chevrolet car, owned exclusively by the latter and driven by him at the time of the wreck. John Madi, as such guest or gratuitous passenger, was without the right or authority to direct and control the operation of the vehicle in which he was riding when he lost his life. In the absence of these elements, there was, under the circumstances and under the rule of law stated, no joint enterprise between Sam and John Madi, which would warrant imputing the negligence, if any, of the latter to the former."

 But plaintiff argues that the judgment for Mr. and Mrs. C. E. Overaker was upon motion on the jury verdict which included the answers favorable to him on joint enterprise, and that their motion non obstante veredicto (overruled by the court with exception taken) was insufficient to confer jurisdiction, under Art. 2211, R.S., Vernon's Ann.Civ.St. art. 2211, providing, " * * * the court may, upon like motion [non obstante veredicto] and notice, disregard any Special Issue Jury Finding that has no support in the evidence." We must overrule the contention just stated, bearing in mind the theory of these defendants that plaintiff's case was based alone upon joint expedition. Their motion, following the terms of Art. 2211, therefore pointed out that their previous request for peremptory instruction was well taken, that no testimony supporting joint expedition had been adduced; wherefore, the jury issues thereon should be disregarded and judgment rendered in favor of such defendants, all other findings acquitting them of liability. We think the motion in question met the requirements of the statutes in substance and effect, as it could serve no other purpose than that just indicated. Hines v. Parks, Sup.Ct. adopted, 128 Tex. 289, 96 S.W.2d 970, Syl. 3. The trial court should have granted this motion; arriving, however, at a proper judgment for Mr. and Mrs. Overaker by erroneously sustaining other defensive pleading. A correct judgment as to these defendants will not be disturbed perforce of incorrect intermediate rulings, or that wrong procedure was employed not affecting the result. 3 Tex. Jur., Appeal and Error—Civil Cases, secs. 719, 792, pp. 1008, 1129.

 Though defendants strongly argue that plaintiff's petition is bottomed on joint mission alone, the liability of the car's several occupants being dependent upon the existence of this fact element, and imputed negligence incident thereto, it is evident from such trial petition, that many other acts of negligence were alleged against each defendant, proximately resulting in said injuries. In line with such allegations, Issue 16 of the court's charge presented the material question of whether Mrs. Josephine Overaker opened the door of the automobile before it stopped. This and subordinate issues relating thereto were answered affirmatively by the jury. Liability naturally results as regards the defendant involved in these findings, provided they are supported by evidence of any probative force. The final judgment recites that Mrs. Josephine Overaker's motion non obstante veredicto was sustained because her previous request for peremptory instruction should have been granted; also that all testimony connecting this defendant with the car door should have been considered stricken as hearsay. Here appellee's brief strongly reproaches plaintiff Landers for seeking judgment against the elder Mrs. Overaker separately, in this language: "Plainly it does not become appellant to take the position that he ever sought to allege or prove that eighty-five year old Grandma Overaker, alone and unaided, assaulted him with an automobile. Every line of his petition shows that it was Mr. and Mrs. C. E. Overaker at whom he was aiming and that all else was on the theory of an agency for these main defendants." So, in view of the court's action in approving this particular motion non obstante veredicto, it is necessary that we examine the evidence relative to Mrs. Josephine Overaker and Issue 16, for the purpose of ascertaining to what extent, if at all, the same is obnoxious as hearsay. It is clear from the record that such elderly defendant was seated next to the offending door, which, as all parties in the car testified, did not open until the vehicle had moved past the telephone pole. Yet plaintiff swore that a man's voice called out, before the car reached and injured him, to "close that door"; and that Mr. Overaker later admitted at the hospital that the voice was his. Defendants remained in the car as Landers was conveyed therein to his home; and, concerning such interval, the latter testified, "I didn't know who opened the

door until I got to the house and he (Mr. Overaker) said his mother opened the door, the rear door." The only persons going into the house were Overaker and plaintiff. It is contended that the statement just quoted was admissible against Mrs. Josephine Overaker as made in her presence, under the evidence rule of "Silence and Acquiescence"; she making no answer thereto and not being questioned on the particular conversation. The statement of facts is in narrative form and otherwise unsatisfactory; but it does not appear therefrom with reasonable certainty, that the utterance was made while this defendant was present, or that she heard or fully understood it; 17 T.J., Evidence—Civil Cases, sec. 235, p. 569. Certain rebuttal witnesses of plaintiff (J. C. Dorrs, police officer, and Mrs. Hazel Leak) testified to similar statements of Mr. Overaker, at the hospital and plaintiff's home, as to who opened the door; and appellant contends, with much vigor, that all of these utterances made by one principal, though not in the presence of the others, explaining the accident, though spoken shortly thereafter, are admissible as part of the res gestæ. It has been often said by the courts and text-writers that no hard-and-fast rule can be laid down as to the precise time, near an occurrence, within which declarations explanatory thereof must be made, in order to be admissible; the important factor being the spontaneity of the statement under the test of whether the declaration was the facts talking through the party, or the party talking about the facts. 17 T.J., sec. 262; 22 C. J., Evidence, secs. 549–551, and Notes; City of Austin v. Ritz, 72 Tex. 391, 9 S. W. 884; Panhandle & S. F. Ry. Co. v. Laird, Tex.Civ.App., 224 S.W. 305. Under the facts of this record and the obvious purpose for which the particular testimony was offered, we regard Mr. Overaker's subsequent statements as merely narrative of past transactions or events. Hence, they were not binding upon Mrs. Josephine Overaker, and simply hearsay as to her. The nature of the testimony being as just indicated, they should not have been received by the court, even for the purpose of impeachment; 45 T. J., Witnesses, secs. 212-213, pp. 58, 59. While the relevant facts and circumstances, other than the objectionable matter above discussed, properly raised the jury questions involving Mrs. Josephine Overaker, yet it is manifest that much of the testimony connecting her with plaintiff's injuries was without probative effect, though highly prejudicial, which is generally true of hearsay statements. Similarly, if the jury considered this character of testimony in answering Issue 16 (and it must be assumed that they did), we are unwilling to approve their finding in such connection, for "hearsay evidence, even if admitted without objection, is not competent evidence and will not support a verdict." Sinclair Refining Co. v. Womack, Tex.Civ.App., 66 S.W.2d 402, 404.

█ A major counter proposition of appellee is based on Issue 39, that plaintiff discovered said open door in time to have avoided the injury, with a consequence of contributory negligence as a matter of law. However, the jury found that plaintiff was not negligent in failing to remove himself in time to avoid the injury. Considering the position of Landers in the parkway, the nighttime, the very slow movement of the car, and the jury findings as a whole, we must hold that reasonable minds might differ as to whether he was, at the moment, conclusively careless. 30 T. J., Negligence, sec. 153, p. 832.

█ Absent the element of joint enterprise, which we conclude has not been established as a matter of law, plaintiff's pleadings otherwise accused the several defendants of individual negligent acts, proximately causing his injury. The court's charge presented independent acts or omissions on the part of each defendant; the issues concerning Grandma Overaker being independent of plaintiff's other issues. We find no error in the judgment of the trial court, save as to the liability vel non of Mrs. Josephine Overaker. In such a situation, we think it is well within our discretion to apply the procedure many times approved by our Supreme Court, i. e., to affirm in part and reverse in part. Missouri K. & T. Ry. Co. v. Enos, 92 Tex. 577, 50 S.W. 928. Also, rule 62–A for Courts of Civil Appeals, permits partial reversals, "* * * if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error. * * *"

All material matters embraced in this appeal have been thoroughly considered, with the result that the trial court's judg-

ment as to Mr. and Mrs. C. E. Overaker, and Miss Maude Overaker, should be in all things affirmed; but, as to Mrs. Josephine Overaker, the same should be reversed and remanded for a new trial consistent with the views herein expressed.

Affirmed in part and reversed and remanded in part.