**DALLAS RY. & TERMINAL CO. v. GOSS.**
**No. 12918.**

Court of Civil Appeals of Texas. Dallas.
Oct. 19, 1940.

Burford, Ryburn, Hincks & Charlton
and Sam P. Burford, all of Dallas, for
appellant.

Wright K. Smith, of Dallas, for appellee.

LOONEY, Justice. ·

Maude Goss, a passenger on a street
car operated by defendant Company, fell
to the ground and was injured while
alighting therefrom. She brought this
action for damages, alleging that the motor-
man was negligent in raising or elevating
the step upon which her foot rested, at
the time she was attempting to alight,
throwing her heavily to the pavement and
injuring her. The defendant pleaded a
general denial, contributory negligence in
several respects, and unavoidable accident.

Plaintiff's testimony, in substance, was
that, as she was leaving the street car,
the motorman caused the outer step, upon
which her foot was at the time, to rise,
wrenching or jerking off the heel of her
shoe, and throwing her to the pavement,
resulting in the injuries of which she com-
plained.

On the other hand, the motorman denied
that he made any effort to close the door,
or raise the step; testifying that, as

plaintiff was leaving the car, she had some bundles in her arms and that it seemed as though her ankle turned and the heel of her shoe came off, "and she just scooted on down off the front platform out of the vestibule, scooted on down on the ground." He testified further that the car door closes and the step rises simultaneously. Mrs. Moore, a passenger, corroborated the motorman to a certain extent; that is, she testified that he made no attempt to close the door on the occasion; that it did not close, or start to close, while plaintiff was getting off the car.

On a proper submission, the jury found the defendant guilty of actionable negligence, in that, the motorman caused the step of the car to rise while plaintiff's foot was still resting upon it. The jury also acquitted plaintiff of contributory negligence and assessed her damages at $196.50, for which judgment was rendered in her favor, resulting in this appeal.

Among other propositions urged, defendant insists that the judgment below should be reversed and the cause remanded, because the arguments of counsel for plaintiff were off the record, inflammatory in nature, and highly prejudicial.

The attorney who opened the argument for plaintiff, among other things, said: "Now what evidence is there that the motorman didn't release the air? He says he didn't release the air. Maude said she felt the step raise under her foot. She fell. There is no question about that. No argument about that. The motorman says he didn't release the air. Could you reasonably expect him to say that he did release the air? Under cross examination by Mr. Smith he said if he had been wrong or had released the air he would have told the company. Now, just reflect a moment on that point. If he had told the company that he released the air under the circumstances that have been proved in this case, when there was not a soul that got on or off the car except Maude when the accident happened at an hour of the day when very few passengers were on the car, he wouldn't have been up there testifying in this case— he would have been discharged a good long time ago."

Again, counsel who closed the case for plaintiff, among other things, used the following language: "Mrs. Moore (referring to the passenger who testified) was not in a position to and didn't actually see what happened. The people that were involved were in a better position to know and Mr. Roberson (the motorman) said he didn't do it, and, frankly, gentlemen, I didn't expect him to say he did but he said, I believe, if he had he would voluntarily come in and admit it, but gentlemen, I will admit now I have never had one experience when they did admit they did anything wrong."

In each instance, counsel for the defendant objected to the remarks, the objection was sustained, and the court instructed the jury to disregard same. Qualifying the bill taken to the latter argument, the court said: "In the argument of defendant's counsel he made the following statement: 'Gentlemen of the jury, if Mr. Roberson had done the thing they say he did, I believe he would have come down here and told you so. I believe Mr. Roberson would have admitted it had he caused the step to raise before Maude Goss was clear of the step. I do not believe he would have told a story about it.'"

The statement of counsel in the opening argument, to the effect that, if the motorman had informed the Company (the defendant) that he released the air (causing the step to rise) under the circumstances, "he wouldn't have been up there testifying in this case—he would have been discharged a good long time ago", and the statement of counsel, in the closing argument, referring to the testimony of the motorman, saying "I will admit now I have never had one experience when they (evidently referring to employes of companies similarly sued) did admit they did anything wrong", obviously, were entirely outside the record and, in our opinion, prejudicial in nature and harmful; nor do we think that the instruction by the court to the jury, not to consider the remarks of counsel, rendered them harmless.

District Court Rule No. 39 provides that: "* * * Counsel shall be required to confine the argument strictly to the evidence and to the arguments of opposing counsel. * * *"

So long as counsel confines his argument to the evidence, or to a legiti-

mate reply to opposing counsel, the rule is not violated. We think that the latitude and limitations of an argument were fairly well stated in a dissenting opinion filed in Coleman v. Miller, Tex.Civ.App., 19 S.W. 2d 829, 841. It was there stated that: "* * * Argument is the professional weapon of the lawyer, when freely and intelligently used, hidden and obscured things are exposed to the light of reason, and so long as confined to evidence, the advocate should be accorded latitude of expression and given free rein to employ his imagination and genius for advocacy. I am not in favor of any rule that, in effect, puts the lawyer in a strait-jacket while arguing the facts of his case, or that would curtail the freedom of discussion, for fear some appellate court may say thus far and no further you should have gone in your comments on the evidence. It is only when the lawyer wanders entirely out of the record, that the rule is violated, but when fairly based on evidence, it can never be correctly said, legally speaking, that the argument is prejudicial. * * *"

As before shown, the testimony of plaintiff and that of the motorman is conflicting and irreconcilable. Plaintiff testified that she fell and was injured, because the motorman raised the step of the car, upon which her foot rested, just as she alighted from the car. Denying this, the motorman testified that plaintiff's foot seemed to turn as she was leaving the car, that the heel of her shoe came off, and she scooted or fell out of the vestibule to the ground. In view of this status of the testimony, upon which the decision of the case rested, we think a feather's weight of extraneous matter, impeaching the testimony of the motorman, would likely cause the jury to give greater weight and credence to the testimony of the plaintiff.

The qualification appended by the court to the last bill of exception shows that counsel for defendant, in stating his belief that the motorman testified truthfully, in our opinion, also was off the record, and, in answering same, plaintiff's attorney was justified in going out of the record; but, in our opinion, he wandered too far in his reply, in stating that, "I have never had one experience where they (meaning employes of companies similarly sued) did admit they did anything wrong", thus accentuating the objectionable remarks made in the opening argument.

The governing rule in such situations was stated by Judge Smedley in Gulf, C. & S. F. R. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659, 663, as follows: "It has many times been held that where improper argument has been made, 'the adverse complaining party is entitled to reversal of the judgment, as a matter of law, if, under all the circumstances, there is any reasonable doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted.' [Citation of numerous authorities] The same authorities hold that attempts of counsel to withdraw the improper argument and instruction by the court not to consider it do not necessarily render the error harmless."

As the judgment will be reversed and the cause remanded, we will dispose of other assignments presenting questions that may arise on another trial.

The defendant assigns error on the refusal of the court to submit the issue of "new and independent cause". We do not think the evidence raised that issue, hence the court did not err in this respect.

Defendant also complains of the refusal of the court to define the phrase "a high degree of care", employed in instructing the jury in regard to the law of negligence, applicable to the street car company. The court correctly stated the law of negligence applicable to the plaintiff, but in stating the rule applicable to the defendant corporation, said: "By the term negligence, as herein used when referring to the operator of the street car, is meant the failure to use a high degree of care." The defendant's objection to the charge, although rather vague, yet, we think, was sufficient to call the court's attention to its failure to explain or define the phrase "a high degree of care"; hence, it is our opinion that the phrase should have been defined.

The defendant also contends that the court's definition of "unavoidable accident" was deficient. On this issue, the court said: "By the term unavoidable accident, as used herein, is meant an event which occurs without negligence on the part of the plaintiff Maude Goss or the operator of the defendant's street car". Assuming that, on a subsequent trial, the charge will contain correct definitions of negligence applicable to both plaintiff and the defendant, we think the issue on un-

avoidable accident, as given, would be sufficient, therefore unobjectionable. See Dallas Ry. & Terminal Co. v. Price, 131 Tex. 319, 114 S.W.2d 859, 860.

The evidence, in our opinion, raises the issue of "unavoidable accident", as well as the issue of "sole proximate cause", but it does not follow that both issues should be submitted. If the evidence on a subsequent trial should be substantially the same as reflected by the record before us, we think it would be proper for the court to submit either of the issues named, but not both, as the defendant would not be entitled to slice two defenses from precisely the same facts. See Williams v. Rodocker, Tex.Civ.App., 84 S.W.2d 556, 558; Dallas Ry. & Terminal Co. v. Little, Tex.Civ.App., 109 S.W.2d 289, 293.

For the reason heretofore stated, the judgment of the court below is reversed and the cause is remanded for further proceedings.

Reversed and remanded.