**MINNOCK et al. v. GARRISON et al.**

No. 2375.

Court of Civil Appeals of Texas. Waco.

Oct. 24, 1940.

Harris & Gordon and Frank Wilson, all of Waco, for appellants.

Tom M. Hamilton and J. W. Spivey, both of Waco, for appellees.

ALEXANDER, Justice.

This suit was brought by Laura Minnock and others against J. L. Garrison and others, as heirs and independent executors of the estate of J. W. Garrison and wife, for the partition of said estate. The plaintiffs also joined as defendants Drs. Lattimore, Maxfield and others, it being alleged as to these last named defendants that they were claiming to hold some sort of debts against said estate, but that said debts were barred by limitation and therefore uncollectible, and plaintiffs prayed for cancellation thereof. The main defendants, J. L. Garrison and others, filed exceptions to plaintiffs' petition. The defendants, Lattimore and others, filed pleas of misjoinder of parties, and, by way of cross-action, sought judgment for their debts. Upon the call of the case, the court sustained the defendants' exceptions to plaintiffs' petition, and, upon plaintiffs declining to amend, dismissed plaintiffs' suit. The order of dismissal made no attempt to dispose of the cross-action filed by Dr. Lattimore and others. The plaintiffs have attempted to appeal to this court.

The appellees have filed motion to dismiss appeal on the ground that the order sought to be appealed from is not a final judgment. It is a well-settled rule that an appeal can be prosecuted only from a final judgment, and that in order for a judgment to be final, it must dispose of all of the parties and all of the issues in the case. 3 Tex.Jur. 103–122. The order sought to be appealed from dismissed plaintiffs' suit for partition of said estate and for cancellation of the debts held by Dr. Lattimore and others, but it did not undertake to dispose of the cross-action filed by Dr. Lattimore and others for judgment on their said debts. The mere dismissal of the main suit did not have the effect of dismissing the cross-action. Jungbecker v. Huber, 101 Tex. 148, 105 S.W. 487; Barrier v. Lowery, 118 Tex. 227, 13 S.W.2d 688; 15 Tex.Jur. 265, 291. Consequently, said order did not dispose of all of the parties nor all of the issues and therefore is not a final judgment.

Appellants assert that the cross-actions filed by Lattimore and others were not properly before the court at the time the judgment of dismissal was entered, because the plaintiffs had not been served with citation on such cross-actions. It appears, however, that the plaintiffs appeared in court and participated in the argument on the exceptions after said cross-actions had been filed. Under these circumstances, there was no necessity for

citation on the cross-actions. Thompson v. Gaither, Tex.Civ.App., 45 S.W.2d 1106, par. 5; Mueller v. Heidemeyer, 49 Tex. Civ.App. 259, 109 S.W. 447; 33 Tex.Jur. 804; 15 Tex.Jur. 266.

Appellees' motion to dismiss appeal is sustained and the appeal is dismissed at appellants' cost.