## SCHUHMACHER CO. v. HOLCOMB et al.

Court of Civil Appeals of Texas. Austin.
Oct. 6, 1943.

Rehearing Denied Oct. 27, 1943.

Dan Moody, of Austin, for appellant.

Looney & Clark and Everett L. Looney, all of Austin, for appellees.

BLAIR, Justice.

Appellees, Paul B. Holcomb and Maurine Holcomb (Paul B. Holcomb suing individually and as next friend of his minor daughter Maurine), sued appellant, the Schuhmacher Company, to recover damages for injuries sustained as the result of a collision between the automobile in which appellees were riding and the truck of appellant, driven by an employee. Appellees alleged and the jury found that the collision and resulting injuries to them were caused by certain negligent acts of the employee of appellant in the operation of the truck at the time of the collision. Appellant alleged and the jury also found that the collision and resulting injuries to appellees were caused by certain negligent acts of Paul B. Holcomb in the manner in which he was operating his automobile at the time of the collision. Judgment was for appellant denying Paul B. Holcomb any recovery, but in favor of Maurine Holcomb against appellant for $500, the amount of the damages found by the jury to have been sustained by her as the result of the collision.

From judgment in favor of Maurine Holcomb appellant presents this appeal, contending that the trial court erred in not holding as a matter of law that the negligence or contributing negligence of Paul B. Holcomb, which the jury found was a

proximate cause of the collision and injuries sustained by Maurine Holcomb, was not attributable to her under the doctrine of joint enterprise in the operation of the automobile in which she was riding with her father, who was driving the automobile, at the time of the collision. In the alternative, appellant contends that if the evidence does not establish such joint enterprise as a matter of law, then it raised an issue of fact thereon, which the trial court erroneously failed to submit to the jury at the request of appellant.

■ As applied to the occupants of an automobile the test of joint enterprise is succinctly stated in 5 Am.Jur. 786, § 501, as follows: "The test of a joint enterprise between the driver of an automobile and another occupant is whether they were jointly operating and controlling the movements of the vehicle. In order to constitute a joint enterprise so that the negligence of the driver of an automobile may be imputed to an occupant of the car, it is generally held that there must be a common purpose and a community of interest in the object of the enterprise and an equal right to direct and control the conduct of each other with respect thereto. In other words, the passenger, as well as the driver must be entitled to a voice in the control and direction of the vehicle. There must be a community in the object and purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereof. Each must have the control of the means or agencies employed to prosecute the common purpose."  ·

This general test or principle of law with respect to the doctrine of joint enterprise has been applied by Texas courts to various fact situations, among others, in the following cases: West v. Bruns, Tex. Civ.App., 294 S.W. 235, writ dismissed; Landers v. Overaker, Tex.Civ.App., 141 S.W.2d 451, writ dismissed; North East Texas Motor Lines, Inc. v. Hodges, Tex. Civ.App., 141 S.W.2d 386, affirmed, 138 Tex. 280, 158 S.W.2d 487; Garrett v. Brock, Tex.Civ.App., 144 S.W.2d 408, writ dismissed; Waggoner v. Simmons, Tex. Civ.App., 117 S.W.2d 553, no writ applied for; and El Paso Electric Co. v. Leeper, Tex.Com.App., 60 S.W.2d 187; Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474, 477, Commission opinion adopted by Supreme Court, and wherein

the court interpreted the rule stated in the El Paso Electric Company case as announcing "the rule touching the question of joint enterprise applicable to occupants of a conveyance [an automobile], as requiring not only joint possession by the joint adventurers but they must also have joint control and responsibility for its operation"; and "they must have an equal right to direct and control the operation of the vehicle. 45 C.J., p. 1031, Sec. 588.") This particular interpretation of the rule is the rule controlling the particular facts of the instant case, which are undisputed and are in substance as follows:

Appellee, Maurine Holcomb, about 19 years of age, was riding in the automobile with her father, who was the owner and driver at the time of the collision, and her mother, sitting between them. She had been living with her parents in Austin and attending the University of Texas, where she was also employed part time as a stenographer, partly making her living. At home she helped with the cooking and other household duties as a member of the family, and drove the automobile in question occasionally, as is usual in such families, and had been accustomed to driving automobiles for about six years prior to the time of the collision in question. At the time in question the parents were moving their residence from Austin to Wharton, Texas, their former residence. The daughter was going to visit with the father and mother part of the time, and expected to stay with former friends, because the parents could not get possession of the house they were to live in for several days. The collision occurred December 30, 1941, during the Christmas holidays. The daughter intended to and did return to Austin to resume her studies and part time employment at the University a few days after the collision in which she was injured. After reaching Wharton she did not stay at night with the parents, but visited around with friends. Her visit to the extent stated with her parents and with friends at Wharton was the only purpose of her making the trip there. She was not expected to help her parents in making their home at Wharton, because the house in which they intended to live was not available until after she returned to Austin, and "there was nothing she could do" in that respect. Other than riding in the automobile with her parents at the time of the collision for the purposes

640

above stated, she was not shown to have participated in any way in the control and operation of the automobile. It was owned by her father and driven by him at the time of the collision. On cross-examination by counsel for appellant, she stated that she approved of the manner in which her father was operating the automobile at the time of the collision.

■ In refusing to submit the requested issue relating to joint enterprise, the court necessarily held that the foregoing facts did not raise the issue as a matter of law, which holding we sustain.

The foregoing evidence failed as a matter of law to show that Maurine Holcomb and her father, the driver of the automobile, had "an equal right to direct and control the operation of the vehicle" at the time of the collision. The evidence merely showed that the daughter was a passenger in the automobile, owned and operated by her father, while going to the same place to visit among different friends. In order to establish joint enterprise there must not only be a community of interest with the driver of an automobile in the purpose of the journey, but the interest must be such that the passenger is entitled to be heard in the control and management of the automobile, or as being such interest as practically to amount to a joint and common possession of the automobile with equal right of joint control and responsibility for its operation at the time of the collision. The prime element of the relationship is an equal right, expressed or implied, to direct and control the conduct of each other in the operation of the automobile. This relationship is not established by the fact that the minor daughter was riding in the family automobile, which she occasionally drove as a member of the family, with her mother and father, the latter driving the automobile on a journey to visit friends at the same destination. An equal right to direct and control her father in the operation of the automobile was not shown.

A similar, if not entirely parallel case, is that of Ener v. Gandy, 138 Tex. 295, 158 S.W.2d 989, 991, wherein the Supreme Court held that the fact of a mother's riding in the family automobile driven by her minor son while going to a football game, "did not raise the issue of joint enterprise" between the son and mother, the father having loaned the automobile to the son who invited the mother to ride with him to the game, in which he was to participate as a player. The court further held that the mother "was nothing more than a passenger in the automobile, the guest of her son Leon, exercising no more authority over the acts of her son, as the driver, than any other passenger in the automobile."

As tending to establish joint enterprise the facts in the Ener case are much stronger than the facts in the instant case. Manifestly, from the standpoint of parental control and authority, the mother riding in the family automobile going with the minor son who was driving the automobile to a football game would have a greater right to direct and control the operation of the automobile than a minor daughter could exercise while riding in the family automobile operated by her father, and while going on a journey with her mother and father to visit friends at the same destination. Especially is this true in absence of proof of any effort, direct or circumstantial, tending to show that the minor daughter attempted to in any manner direct the control and operation of the automobile at any time, and particularly at the time of the collision. She did express the view or opinion on cross-examination that she thought her father operated the automobile in a proper manner at the time of the collision. This statement merely expressed her view or opinion that her father operated the automobile in a proper manner, but did not show an equal right on her part to direct or control the operation of the automobile at the time of the collision, and in consequence joint enterprise in the operation of the automobile was not established as a matter of law.

■ Two additional points complain that the court erred in refusing to submit requested issues relating to the alleged contributory negligence of Paul B. Holcomb (1) in failing "to have the brakes on said automobile in good working order," and (2) in "causing his automobile to move to and upon his lefthand side of the highway," and corresponding issues of negligence, proximate cause and sole proximate cause. No reversible error is presented by these two points, because the issues relating to the operation of the automobile on the left-hand side of the highway were substantially covered by the issues submitted relating to the negligence of Paul B. Holcomb in failing "to keep

his automobile under proper control," immediately prior to and at the time of the collision, and the corresponding issues of negligence, proximate cause and sole proximate cause.

The jury also found in answer to several special issues that the collision and resulting damages to appellees were caused by certain negligent acts of Paul B. Holcomb in the manner in which he was operating the automobile, each of which was a proximate but not the sole proximate cause of the collision. These answers relieved appellant of liability to Paul B. Holcomb, but not to appellee Maurine Holcomb, because under the holding that the evidence did not establish joint enterprise between Holcomb and his daughter, only a finding that one or more of the alleged acts of contributory negligence on the part of Paul B. Holcomb was the sole proximate cause of the collision would relieve appellant of liability for the injuries to appellee Maurine Holcomb, which the jury found were caused by certain negligent acts of the employee of appellant in the operation of its truck at the time of the collision. Thus the only possible issue left in the case is whether the jury might find that the acts of contributory negligence covered by the requested and refused issues were either a sole proximate cause of the collision. This is in nature a negative issue. The jury positively found that certain negligent acts of appellant's employee were each a proximate cause of the collision, and we would not reverse the case merely to give the jury an opportunity to find, in answer to the requested issues, that one or both of the negligent acts sought to be submitted were the sole proximate cause of the collision, which finding would be in direct conflict with the positive jury finding that the several negligent acts of appellant's employee were each a proximate cause of the collision. We think all of the issues submitted the several acts of negligence and contributory negligence as to the parties charged therewith, and fixed liability or nonliability thereunder as between them;

and that as here presented the issue of sole proximate cause is purely a negative issue arising from the controlling issues submitted and determined; and that such issue of sole proximate cause is therefore but a negative issue, the jury having already determined that positive acts of negligence on the part of the employee of appellant caused the collision. Under such record we think that this negative issue is but "other and various phases or different shades of the same issue," within the meaning of this phrase as used in Rule 279, Texas Rules of Civil Procedure; and that failure to submit such issue will not under that rule require a reversal of the cause.

Conclusive, however, of these points is the fact that appellant had submitted the issue of unavoidable accident based upon the same alleged acts of negligence that the issue of sole proximate cause is based. Appellant alleged that if the several acts of contributory negligence on the part of Paul B. Holcomb were not negligence, or proximate cause, or sole proximate cause of the collision, then under the same facts alleged the collision was the result of unavoidable accident. This issue was submitted to the jury, which found that the collision was not the result of an unavoidable accident. The rule is settled that where both the issue of unavoidable accident and the issue of sole proximate cause are raised by the same pleadings or evidence, the court may properly submit either issue, but not both, because the party pleading and proving them would not be entitled to slice two defenses from precisely the same facts. Dallas Ry. & Terminal Co. v. Goss, Tex.Civ.App., 144 S.W.2d 591, and cases there cited. Under this state of the record the provision of Rule 279 that the court need only submit controlling issues and need not submit "other and various phases or different shades of the same issue" is entirely applicable.

The judgment of the trial court is affirmed.

Affirmed.