## MITCHELL v. GOOCH et al.
### No. 2628.

Court of Civil Appeals of Texas. Eastland.
April 16, 1948.

Rehearing Denied May 7, 1948.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

Scarborough, Yates, Scarborough & Black, of Abilene, and Robertson, Jackson, Payne & Lancaster, of Dallas, for appellees.

GRISSOM, Chief Justice.

Andy Gooch was travelling west, on highway 80 east of Sweetwater, in an automobile driven by Jack Lively when the automobile collided with a truck owned by O. C. Mitchell which was headed west and alleged to have been stopped at night on the paved portion of the highway. Gooch was injured and sued both Mitchell and Lively for damages. He alleged that Lively was guilty of gross negligence and sought recovery against him under the guest statute, Vernon's Ann.Civ.St. art. 6701b. The cause was submitted to a jury and it found (1) that the Mitchell truck was stopped on the paved portion, or a part of the paved portion, of the highway at the time of the collision; (2) that stopping the Mitchell truck on the paved highway was negligence and (3) a proximate cause of the collision, and (4) that Gooch had suffered damages amounting to $5,000. The jury found (4-a) that the Mitchell truck had red or yellow lights burning that were visible under normal conditions for a distance of not less than 500 feet to the rear. It found (5) that Lively was not driving his car at an excessive rate of speed at the time of, or immediately preceding, the collision. Special Issues 10 and 11 and the jury's answers thereto were as follows:

(10) "Do you find from a preponderance of the evidence that the method and manner in which Jack Lively was driving and handling his car at the time of the collision in question was the sole proximate cause of the collision in question? Answer 'Yes' or 'No'. Answer: No.

(11) "Do you find from a preponderance of the evidence that the lights of the vehicles travelling east near the place of the collision in question were such as to constitute an efficient intervening cause of the collision in question? Answer 'Yes' or 'No'. Answer: No."

In connection with Issue 11, the jury was instructed as follows: "In answering the foregoing issue, you will be guided by the definition hereinabove given you as to the meaning of the term 'efficient intervening cause'. You are further instructed that the term 'efficient intervening cause' also means a new and independent cause and means the act or omission of a separate and independent agency which destroys the causal connection between the negligent act or omission, if any, of the defendant or defendant's agent and the injury, if any, complained of, and thereby becomes in itself the immediate cause of such injury."

The jury further found (12) that the collision was not the result of an unavoidable accident.

At the close of plaintiff's testimony, the court dismissed Lively from the suit over Mitchell's objection. Mitchell had pleaded in effect that in the event judgment was rendered against him, Mitchell was entitled to a judgment over against Lively for indemnity or contribution. Judgment was rendered on the verdict for Gooch against Mitchell and Mitchell has appealed.

Mitchell contends the court erred in placing the burden of proof on him in issues 10 and 11. Mitchell excepted to each of said issues because the burden of proof was placed on him when it should have been placed on plaintiff. The burden of proof was on the plaintiff and appellants' exceptions to said issues should have been sustained. Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790, 793.

Appellees contend that such action does not constitute reversible error, that is, that the error was harmless, because the jury found that Lively was not driving his car at an excessive rate of speed and that there was no evidence that Lively did or failed to

do any other act that could have been the sole cause of the collision. Appellees further contend that because the jury found the collision was not the result of an unavoidable accident and Lively had been dismissed from the suit that anything Lively did or failed to do which could have contributed to the accident was embraced within the issue of unavoidable accident. Appellees also contend that appellant was not entitled to have issue 10 submitted in any form because it was included in issues relative to the speed at which Lively was driving and unavoidable accident. They cite Blaugrund v. Gish, 142 Tex. 379, 179 S.W. 2d 266, 269. In that case the defendant contended that the court erred in refusing to submit an issue as to whether or not plaintiff had his automobile under proper control. An issue as to whether or not the plaintiff was driving at an excessive rate of speed was submitted in relation to the circumstances of that case. The Court of Appeals, (179 S.W.2d 257, 266,) said: "We have read and reread the statement of facts and failed to discover any lack of control of plaintiff's vehicle other than in relation to speed. The manner of the collision does not, we think, justify an inference of lack of control on the part of plaintiff. Plaintiff's vehicle did not collide with the rear of defendant's truck. The truck, undisputedly, swerved into the pathway of plaintiff's vehicle."

That court further held that the requested issue was too general and indefinite; that it was not requested in proper form, and, therefore, it was not error to refuse it, but it also held that it was substantially submitted. The Supreme Court, on motion for rehearing, agreed with the Court of Civil Appeals and held that failure to submit the requested issue as to whether plaintiff had his automobile under proper control was not reversible error. It said [179 S.W.2d 269]: "If the issue of proper control on the part of Gish was in this case, the constituent element thereof was improper speed. · The issue of speed was submitted to the jury, and found against Blaugrund. This point is overruled."

The point presented here is not that the court erred in refusing to submit an issue requested by appellant, in improper form, and an element of which was submitted. · The point here is that the court erred in improperly placing the burden of proof on material issues submitted. That the burden of proof was improperly placed is not questioned. The real question is whether or not the contentions of the appellees, mentioned above, should prevent a reversal of the judgment. Appellees cite Dallas Railway & Terminal Co. v. Goss, Tex.Civ.App., 144 S.W.2d 591, 594, and quote therefrom the following: "The evidence, in our opinion, raises the issue of 'unavoidable accident', as well as the issue of 'sole proximate cause', but it does not follow that both issues should be submitted. If the evidence on a subsequent trial should be substantially the same as reflected by the record before us, we think it would be proper for the court to submit either of the issues named, but not both, as the defendant would not be entitled to slice two defenses from precisely the same facts. See Williams v. Rodocker, Tex. Civ.App., 84 S.W.2d 556, 558; Dallas Railway & Terminal Co., v. Little, Tex.Civ. App., 109 S.W.2d 289, 293."

In Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951, 952, Paul Holcomb was driving his automobile and his daughter was riding with him, under such circumstances that it was held they were not engaged in a joint enterprise but that the daughter was her father's guest, when there was a collision between the Holcomb automobile and a truck belonging to the Schuhmacher Company in which both Holcomb and his daughter were injured. Both Holcomb and his daughter sued the Schuhmacher Company for damages. The jury found that Holcomb was guilty of certain acts of negligence which were proximate causes of the collision but none of them the sole proximate cause. Judgment was rendered denying recovery by Holcomb but allowing recovery by his daughter. The Court of Civil Appeals held (174 S.W.2d 637, 641) that refusal to submit an issue of sole proximate cause, requested by the Schuhmacher Company, was not reversible error because the court had submitted the issue of unavoidable accident; that such issue was based upon the same alleged acts

of negligence as the requested issue of sole proximate cause and that where both of such issues were raised by the same pleadings, or evidence, the court could properly submit either, but not both, because the party relying thereon was not entitled to slice two defenses from the same facts. The court cited Dallas Railway & Terminal Co. v. Goss, supra. The Supreme Court disapproved this holding. It, however, affirmed the judgment because the requested issue was substantially covered by issues submitted. In that case the jury found that Holcomb was negligent in failing to keep his automobile under proper control; that such negligence was a proximate cause of the collision but not the sole cause thereof. The court said that the only evidence as to what caused Holcomb's automobile to move to the left hand side of the highway was that showing that Holcomb lost control of his car and that it skidded onto the left hand side of the highway. It said: "The finding that his failure to keep his automobile under proper control was not the sole proximate cause of the injuries includes the finding that his causing the automobile to move to and upon his left-hand side of the highway was not the sole proximate cause of the injuries." [142 Tex. 332, 177 S.W.2d 953.]

The court likewise held that if the evidence raised the requested issue as to failure of Holcomb to have his brakes in good working order being the sole proximate cause of the injuries, failure to submit that issue was not error because "the result of Holcomb's failure to have the brakes in good working order was that he lost control of his car. In submitting the issue of whether loss of control was the sole proximate cause the charge did not confine the jury to a consideration of any particular cause of the loss of control, but the issue covered loss of control from any and all causes, which includes defective brakes."

■ The converse is true in the instant case. Issue 5 inquired only whether or not Lively was driving at an excessive rate of speed. That question plainly did not include an inquiry as to all the matters raised by pleadings and evidence and included in the method and manner in which Lively was driving and handling his car at the time of the collision. It did not include questions as to whether Lively failed to keep a proper lookout and, if so, whether that was the sole cause of the collision; whether Lively's failure to pull his car to the right, or driving his car to the left in the path of approaching traffic; failure to apply his brakes in time, and the like, was the sole cause of the collision. These issues were not dependent upon the question of speed. There was evidence that Lively did not observe the Mitchell truck stopped on the pavement until he was close to it; that he could have driven his car off of the pavement to his right onto the shoulder of the highway or into the narrow, shallow borrow pit with safety. It appears to be undisputed that Lively, with automobiles approaching him from the west, pulled his automobile to the left into the path of the east bound traffic and that an east bound automobile that had just passed the Mitchell truck struck the left front fender of Lively's automobile before Lively collided with the Mitchell truck. The position of Lively's automobile, with its right side wedged under the back of Mitchell's truck, tends to prove that the collision with the automobile coming from the west knocked the front of Lively's automobile to the south and caused the right side of Lively's automobile to collide with the rear end of Mitchell's truck. Certainly the question of Lively's excessive speed did not embrace the issues mentioned as possible sole proximate causes of the collision.

■ The burden of proof was likewise improperly placed in issue 11. Lively's testimony is susceptible to the construction that he was temporarily blinded by the lights of automobiles approaching from the west and going east and but for such fact he might have sooner discovered the truck stopped on the highway and have been able to do some of the things suggested above, and thus have avoided the collision. Instead, when he realized that he was nearly upon the stopped truck, he drove his car into the path of traffic from the west, collided with an automobile and then with Mitchell's truck. See Dallas Railway &

Terminal Co. v. Stewart, Tex.Civ.App., 128 S.W.2d 443, 446.

We have concluded that the judgment must be reversed because of the error in improperly placing the burden of proof on said issues over appellant's objections.

▮▮▮▮ Appellant contends the judgment should be reversed because the court dismissed Lively from the suit when the plaintiff Gooch closed his testimony when there was in the case a pleading by Mitchell against Lively seeking indemnity or contribution. We agree with appellees that the testimony of the plaintiff Gooch was insufficient to make out a case against the defendant Lively based on art. 6701b, the guest statute, that is, that Gooch's evidence did not raise an issue of gross negligence, a finding of which was prerequisite ·to recovery by Gooch against Lively. Under Gooch's testimony he was plainly a guest of Lively and there was no evidence that Lively and Gooch were engaged in a joint enterprise. In Patterson v. Tomlinson, Tex. Civ.App., 118 S.W.2d 645, (writ refused), the court held that where a guest is injured in a collision between the automobile of his host and that of a third party, each of whose ordinary negligence is a proximate cause of the injury to the guest, that the third party defendant cannot recover contribution of one-half the damages caused by their joint or concurring ordinary negligence under the guest statute. The court held that since the host was only liable to his guest for gross negligence to permit the third party to recover contribution from the host for damages caused by the "ordinary" negligence of both· the third party and the host, would be to disregard the guest statute. Therefore, Mitchell could not recover either contribution or indemnity against Lively by proof of the latter's ordinary negligence.

▮▮▮▮ The court had jurisdiction of Mitchell's cause of action against his codefendant Lively. Texas Rules of Civil Procedure, rule 97(e) and (h). Lively had entered his appearance in the main case and was be-

fore the court for all purposes without the necessity of citation on Mitchell's cross action against him. Sullivan v. Doyle, 108 Tex. 368, 370, 194 S.W. 136; 33 Tex.Jur. 804; Minnock v. Garrison, Tex.Civ.App., 144 S.W.2d 328. See also Harris v. Schlinke, 95 Tex. 88, 65 S.W. 172. Furthermore, there is no showing that Lively was not served. See Roller v. Ried, 87 Tex. 69, 26 S.W. 1060, 1062. At the time Lively was dismissed from the suit, over Mitchell's objection, Mitchell had been afforded no opportunity to prove his asserted cause of action for indemnity or contribution against his said codefendant. We cannot presume that Mitchell could not have made out a case against Lively. Lively's dismissal was error so far as Mitchell was concerned. Minus v. Doyle, 141 Tex. 67, 72, 170 S.W.2d 220. See also 26 Tex. Law Rev. 170.

The question presented in appellant's third point should not, and in all probability, will not arise on another trial. Since the judgment must be reversed for the reasons stated, we shall not discuss the question presented.

The judgment as between Gooch and Lively is affirmed. In all other respects, the judgment is reversed and the cause remanded.

## On Motion for Rehearing.

▮▮▮▮ In his motion for rehearing appellee Lively points out the fact that appellant Mitchell did not allege gross negligence on the part of Lively. Mitchell alleged many acts of ordinary negligence on the part of Lively, each of which was alleged to be the sole proximate cause or, in the alternative, a proximate cause of the collision. Mitchell did not allege gross negligence. Mitchell could not recover contribution or indemnity from Lively for the latter's ordinary negligence. Under Mitchell's pleadings, he was not entitled to recover contribution or indemnity· from Lively.

The motion is granted and the judgment as to Lively is affirmed.