## NEWTON v. FALKNER et al.
### No. 6653.

Court of Civil Appeals of Texas. Texarkana.

Nov. 20, 1952.

Lewis & Chandler, Jacksonville, for appellant.

Stone & Stone, Jacksonville, Guinn & Guinn, Rusk, Ocie Speer, Austin, for appellees.

WILLIAMS, Justice.

Mozelle Newton, Administratrix de bonis non of the estate of Mrs. Ida Newton, deceased, an intervenor in the trial court and sole appellant here, in the only point presented asserts "that the trial court erred in entering judgment on the disclaimer in favor of some of the parties defendant and cross-plaintiff and refusing to enter judgment on such disclaimer in her favor as intervenor and as cross-plaintiff."

The judgment entered with that portion under attack indicated in our italics reads as follows: "On this the 7th day of January, 1952, came on to be heard the matters of non-suit and disclaimer and all parties thereto being before the court, the plaintiff (now J. M. Falkner) Banking Commissioner, announced he would no longer prosecute his suit in trespass to try title and requested the court to enter his voluntary non-suit therein."

"The court having considered the same, granted such request, and it is ordered, adjudged and decree that said suit of trespass to try title is dismissed upon plaintiff's request and that all parties defendant therein go hence and recover from plaintiff Banking Commissioner their costs incurred by reason of the plaintiff's filing."

"At the same time came the plaintiff, J. M. Faulkner, Banking Commissioner of Texas, and announced to the court through his attorneys that he disclaims any and all right, title and interest whatsoever in the lands and property described in plaintiff's original petition, and that he no further claims or asserts any right, title or interest whatsoever in any of said property, as State Banking Commissioner in charge of liquidation of the First State Bank of Jacksonville, but said Banking Commissioner in his disclaimer alleged that all of the title of

the Banking Commissioner has heretofore been conveyed by the Banking Commissioner to his grantees and grantees' assigns; it further appearing to the court that J. M. Falkner, Banking Commissioner, has filed his disclaimer to the cross-actions filed against him as Banking Commissioner, by Harry Lee Carter, W. E. Stone, S. A. Norman, Finis Dotson, Leb Fry, Mattie Halbert, individually and as executrix of the estate of H. B. Halbert, deceased * * *."

"It is further ordered by the court that the disclaimer of the Banking Commissioner be granted and *that Harry Lee Carter, W. E. Stone, S. A. Norman, Finis Dotson, Leb Fry, Mrs. Mattie Halbert et al., recover upon said disclaimer of said J. M. Falkner, Banking Commissioner, the respective tracts of land described in said cross-actions* and that the said J. M. Falkner, Banking Commissioner, be discharged as to said cross-actions with his costs insofar as said cross-actions are concerned."

"It is further ordered by the court that the disclaimer of the Banking Commissioner as to all title or titles if any, as to the other tracts of land described in plaintiff's original petition, be and the same is hereby granted and that said titles be vested in the grantees of the Banking Commissioner and the assigns, if any, of said grantees of the Banking Commissioner, as to the respective tracts of land so conveyed as aforesaid."

The Banking Commissioner as statutory receiver for the First State Bank of Jacksonville, Texas, in liquidation, filed this trespass to try title action against Mozelle Newton and the four other children of Mrs. Ida Newton, deceased. The petition described by metes and bounds 36 tracts of land situated in Cherokee and adjoining counties, and in all respects follows the specifications of Rule 783, T.R.C.P. The prayer was for title and possession of the lands.

Mozelle Newton as administratrix de bonis non of the estate of Mrs. Ida Newton intervened; she answered with a plea of not guilty and general denial. Pleading further as such administratrix, she alleged a cross-action against the Banking Commissioner as the statutory receiver of the Bank and those above italicized in the dis-

claimer order. In this cross-action she alleged a trespass to try title action in the statutory form as provided in Rule 783, supra, described the same 36 tracts of land, and as such administratrix prayed for title and possession of the same.

Thereafter those named by her in her cross-action except the Banking Commissioner answered with their respective pleas of not guilty and general denial as to specific tracts. In their respective answers they each pleaded title to particular tracts under one of the Texas limitation laws. Pleading further, they set up cross-actions against the Banking Commissioner and others in trespass to try title and to remove cloud on their respective title. Parties not herein named who had been made parties defendants in some of the cross-actions were dismissed under agreement of litigants. So the parties to this appeal, other than intervenor and the banking commissioner are the transferees, vendees or their assigns under conveyances heretofore made by the banking commissioner acting as receiver for said bank.

■ The first counter-point of appellees other than appellee J. M. Falkner, Banking Commissioner, assert that the decree appealed from is an interlocutory order based on a disclaimer and this court is without jurisdiction to entertain this appeal and it should be dismissed. This counter-point is sustained.

■ Applicable to this record, it is stated in Minnock v. Garrison, Tex.Civ.App., 144 S.W.2d 328, "It is a well-settled rule that an appeal can be prosecuted only from a final judgment, and that in order for a judgment to be final, it must dispose of all of the parties and all of the issues in the case." See also 3A Tex.Jur. (Appeal and Error), Secs. 87, 88; Rule 301, T.R.C.P.; art. 2249, R.C.S. of Texas, Vernon's Ann.Civ.St.; Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W.2d 377; Cone v. Roberts, Tex.Civ.App., 233 S.W.2d 353.

This decree under attack, similar in effect to the record in Minnock v. Garrison, supra, "did not undertake to dispose of the cross-action filed by" intervenor. "The mere dismissal of the main suit did not have

the effect of dismissing the cross-action * * * Consequently said order did not dispose of all the parties nor all of the issues and therefore is not a final judgment."

The rule that "A judgment of dismissal is as final for the purposes of an appeal as is a judgment on the merits", Green v. Green, Tex.Com.App., 288 S.W. 406, 407, would be applicable here if the dismissal order "completely disposes of the case. * * *" But "No appeal lies where the judgment or order dismisses the petition but fails to dispose of defendant's plea in reconvention or cross-action * * *" 3A, Tex.Jur. (Appeal and Error), Sec. 94.

In view of the conclusions above stated, the position of appellee J. M. Falkner, Banking Commissioner, in his brief as to his rights to take a nonsuit and to disclaim with judgment rendered thereon is at this time not before us for review.

For the reasons above stated, the appeal is dismissed.